UNITED STATES DISTRIC COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

KIARA NAZAIRE,

                          Plaintiff,

-against-

JERSEY SHORE NURSING AGENCY
INCORPORATED D/B/A JERSEY SHORE
STAFFING AGENCY, INC. AND ST. BARNABAS
HOSPITAL,

                          Defendants.

---------------------------------------------------------------- X

**VERIFIED ANSWER**

Civil Action No.:
1:34-cv-05022-AMD-PK

The defendant, **JERSEY SHORE STAFFING AGENCY, INC.**, improperly pled as **JERSEY SHORE NURSING AGENCY, INC.** by its attorneys, **MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C.**, answering the Verified Complaint of the plaintiff herein, respectfully alleges upon information and belief:

**AS AND FOR DEFENDANT, JERSEY SHORE NURSING AGENCY INCORPORATED D/B/A JERSEY SHORE STAFFING AGENCY**
**ANSWER**

1. Deny each and every allegation contained in Paragraph **"1"** of the Verified Complaint.

2. Deny each and every allegation contained in Paragraph **"2"** of the Verified Complaint.

3. Deny each and every allegation contained in Paragraph **"3"** of the Verified Complaint.

4. Deny each and every allegation contained in Paragraph **"4"** of the Verified Complaint, except Admits that Jersey Shore Staffing Agency Inc. ("JSSA") is an New York Corporation that does business in New York.

5. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph **"5"** of the Verified Complaint and respectfully refers all questions of law raised therein to the trial court

6. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph **"6"** of the Verified Complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph **"7"** of the Verified Complaint except Denies the use of term "unlawful termination".

8. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph **"8"** of the Verified Complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph **"9"** of the Verified Complaint.

10. Deny each and every allegation contained in Paragraph **"10"** of the Verified Complaint, except Admits that JSSA managed its own payroll including Plaintiff.

11. Admit each and every allegation contained in Paragraph **"11"** of the Verified Complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph **"12"** of the Verified Complaint.

13. Deny each and every allegation contained in Paragraph **"13"** of the Verified Complaint.

14. Admit each and every allegation contained in Paragraph **"14"** of the Verified Complaint.

15. Deny each and every allegation contained in Paragraph **"15"** of the Verified Complaint.

16. Deny each and every allegation contained in Paragraph **"16"** of the Verified Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph **"17"** of the Verified Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph **"18"** of the Verified Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph **"19"** of the Verified Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph **"20"** of the Verified Complaint.

21. Deny each and every allegation contained in Paragraph **"21"** of the Verified Complaint.

22. Deny each and every allegation contained in Paragraph **"22"** of the Verified Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph **"23"** of the Verified Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph **"24"** of the Verified Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph **"25"** of the Verified Complaint.

26. Deny each and every allegation contained in Paragraph **"26"** of the Verified Complaint.

27. Deny each and every allegation contained in Paragraph **"27"** of the Verified Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph **"28"** of the Verified Complaint.

29. Deny each and every allegation contained in Paragraph **"29"** of the Verified Complaint.

30. Deny each and every allegation contained in Paragraph **"30"** of the Verified Complaint.

31. Deny each and every allegation contained in Paragraph **"31"** of the Verified Complaint except that Ms. Russell did state unemployment was an option for plaintiff.

32. Deny each and every allegation contained in Paragraph **"32"** of the Verified Complaint.

33. Deny each and every allegation contained in Paragraph **"33"** of the Verified Complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph **"34"** of the Verified Complaint.

35. Deny each and every allegation contained in Paragraph **"35"** of the Verified Complaint.

**AS AND FOR DEFENDANT, JERSEY SHORE NURSING AGENCY INCORPORATED
D/B/A JERSEY SHORE STAFFING AGENCY
ANSWER TO FIRST CAUSE OF ACTION**

36. In response to Paragraph **"36"** of plaintiff's Verified Complaint, defendant repeats, reiterates and realleges each and every response to Paragraph **"1"** through **"35"** of the Verified Complaint heretofore made with the same force and effect as if fully set forth at length herein.

37. Deny each and every allegation contained in Paragraph **"37"** of the Verified Complaint.

38. Deny each and every allegation contained in Paragraph **"38"** of the Verified Complaint.

39. Deny each and every allegation contained in Paragraph **"39"** of the Verified Complaint.

40. Deny each and every allegation contained in Paragraph **"40"** of the Verified Complaint.

41. Deny each and every allegation contained in Paragraph **"41"** of the Verified Complaint.

42. Deny each and every allegation contained in Paragraph **"42"** of the Verified Complaint.

**AS AND FOR DEFENDANT, JERSEY SHORE NURSING AGENCY INCORPORATED
D/B/A JERSEY SHORE STAFFING AGENCY,
ANSWER TO SECOND CAUSE OF ACTION**

43. In response to Paragraph **"43"** of plaintiff's Verified Complaint, defendant repeats, reiterates and realleges each and every response to Paragraph **"1"** through **"42"** of the

Verified Complaint heretofore made with the same force and effect as if fully set forth at length herein.

44. Deny each and every allegation contained in Paragraph **"44"** of the Verified Complaint.

45. Deny each and every allegation contained in Paragraph **"45"** of the Verified Complaint.

46. Deny each and every allegation contained in Paragraph **"46"** of the Verified Complaint.

47. Deny each and every allegation contained in Paragraph **"47"** of the Verified Complaint.

**AS AND FOR DEFENDANT, JERSEY SHORE NURSING AGENCY INCORPORATED D/B/A JERSEY SHORE STAFFING AGENCY,
ANSWER TO THIRD CAUSE OF ACTION**

48. In response to Paragraph **"48"** of plaintiff's Verified Complaint, defendant repeats, reiterates and realleges each and every response to Paragraph **"1"** through **"47"** of the Verified Complaint heretofore made with the same force and effect as if fully set forth at length herein.

49. Deny each and every allegation contained in Paragraph **"49"** of the Verified Complaint.

50. Deny each and every allegation contained in Paragraph **"50"** of the Verified Complaint.

51. Deny each and every allegation contained in Paragraph **"51"** of the Verified Complaint.

52. Deny each and every allegation contained in Paragraph **"52"** of the Verified Complaint.

**AS AND FOR DEFENDANT, JERSEY SHORE NURSING AGENCY INCORPORATED D/B/A JERSEY SHORE STAFFING AGENCY, ANSWER TO FOURTH CAUSE OF ACTION**

53. In response to Paragraph **"53"** of plaintiff's Verified Complaint, defendant repeats, reiterates and realleges each and every response to Paragraph **"1"** through **"52"** of the Verified Complaint heretofore made with the same force and effect as if fully set forth at length herein.

54. Deny each and every allegation contained in Paragraph **"54"** of the Verified Complaint.

55. Deny each and every allegation contained in Paragraph **"55"** of the Verified Complaint.

56. Deny each and every allegation contained in Paragraph **"56"** of the Verified Complaint.

57. Deny each and every allegation contained in Paragraph **"57"** of the Verified Complaint.

**AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE:**

58. That any damages, injury and/or injuries sustained by plaintiff was caused in whole or part by the culpable conduct and fault attributable to the plaintiff, including, but not limited to, contributory negligence and/or want of care, and/or the plaintiff's assumption of the risk, and the amount recovered, if any, should be diminished pursuant to CPLR 1412 by the

proportion which the culpable conduct attributed to the plaintiff bear to the culpable conduct which caused the damages, if any.

## AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE:

59. The Verified Complaint fails to state a cause of action upon which relief can be founded.

## AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE:

60. The present action is time barred by the operation of the Statute of Limitations applicable pursuant to the CPLR.

## AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE:

61. If plaintiff was caused to sustain damages at the time and place set forth in the plaintiff's Verified Complaint it was due to the culpable conduct of person or persons presently unknown.

## AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE:

62. This Court has no jurisdiction over the person of the defendant and such defect has not been waived by defendant and is preserved.

## AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE:

63. Plaintiff does not fall within the purview of Section 5102 et seq. Of the New York Insurance Law and does not satisfy the requirements thereof.

## AS AND FOR A SEVENTH SEPARATE AND **COMPLETE AFFIRMATIVE DEFENSE:**

64. Plaintiff failed to use the automotive safety seat belts and caused or aggravated any personal injuries suffered in the accident.

## AS AND FOR AN EIGHTH SEPARATE AND **COMPLETE AFFIRMATIVE DEFENSE:**

65. The Worker's Compensation Law Sec. 10 and 11 provides the exclusive remedy herein and the action at law is statutorily barred.

## AS AND FOR A NINTH SEPARATE AND **COMPLETE AFFIRMATIVE DEFENSE:**

66. That defendant's actions were permitted and privileged and are immune from attack based upon the provisions of General Business Law Sec. 218 and the cases cited thereto.

## AS AND FOR A TENTH SEPARATE AND **COMPLETE AFFIRMATIVE DEFENSE:**

67. Upon information and belief, the accident alleged and the injuries claimed to be sustained by plaintiff was the result of the misuse of the product.

## AS AND FOR AN ELEVENTH SEPARATE AND **COMPLETE AFFIRMATIVE DEFENSE:**

68. Upon information and belief, the accident alleged and the injuries claimed to have been sustained by the plaintiff was the result of the modification to the product.

## AS AND FOR A TWELFTH SEPARATE AND **COMPLETE AFFIRMATIVE DEFENSE:**

69. The liability of this answering defendant is limited by law under the terms of Article Sixteen of the CPLR.

### AS AND FOR A THIRTEENTH SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE:

70. That any and all risks, hazards and dangers were open, obvious and apparent, natural and inherent and known or should have been known by the plaintiff herein and that plaintiff assumed all such risks, hazards and defects.

### AS AND FOR A FOURTEENTH SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE:

71. That if the plaintiff sustained the injuries complained of in the manner alleged, said injuries were caused by the negligence of parties over whom the answering defendant was not obligated to exercise supervision or control.

### AS AND FOR A FIFTEENTH SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE:

72. That any award recovered by plaintiff must be reduced by the receipt of collateral source payments.

### AS AND FOR A SIXTEENTH SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE:

73. Defendant, **JERSEY SHORE NURSING AGENCY INCORPORATED D/B/A JERSEY SHORE STAFFING AGENCY**, is a non-juridical entity and lacks the capacity to be sued.

### AS AND FOR A SEVENTEENTH SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE

74. That plaintiff failed to mitigate damages.

### AS AND FOR A EIGHTEENTH SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE:

75. The complaint must be dismissed pursuant to CPLR §3211(a)(4) upon the ground that there is another action pending in this court between the same parties for the same causes of action.

### AS AND FOR A NINETEENTH SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE:

76. The condition which allegedly caused plaintiff accident was *de minimis* and/or transient in nature and is, therefore, non-actionable as a matter of law.

### AS AND FOR A TWENTIETH SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE:

77. The action is devoid of merit because plaintiff has no basis for recovery against defendant.

### AS AND FOR A TWENTY-FIRST SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE:

78. To the extent the damages set forth in plaintiff's Complaint could have been wholly or in part avoided by reasonable effort of the plaintiff, and without undue burden, risk or expense, said damages were the result of plaintiff's failure to mitigate and may not be recovered from this answering Defendant.

### AS AND FOR A TWENTY-SECOND SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE:

79. This action is barred by laches, estoppel and/or waiver.

### AS AND FOR A TWENTY-THIRD SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE:

80. Defendant reserves the right to assert additional defenses that may be applicable and to more specifically assert affirmative defenses once the precise nature of the claims are ascertained through discovery and investigation.

## AS AND FOR A TWENTY-FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE:

81. Plaintiff's claims against the defendant, **JERSEY SHORE NURSING AGENCY INCORPORATED D/B/A JERSEY SHORE STAFFING AGENCY**, are barred by 49 U.S.C.§ 30106, commonly referred to as the Graves Amendment, as the answering defendant is a leasing company as defined by the statute.

## AS AND FOR A CROSS-CLAIM AGAINST DEFENDANT, ST. BARNABAS HOSPITAL, AND AS A BASIS FOR AN AFFIRMATIVE DEFENSE, THE DEFENDANT, JERSEY SHORE NURSING AGENCY INCORPORATED D/B/A JERSEY SHORE STAFFING AGENCY, ALLEGES:

82. That if the plaintiff was caused to sustain damages at the time and place set forth in the plaintiff Verified Complaint through any carelessness, recklessness, negligence and/or breach of warranty other than the plaintiff own carelessness, recklessness and negligence, said damages were sustained by reason of the carelessness, recklessness and negligence and/or acts of omission or commission and/or breach of contract by the defendant, **ST. BARNABAS HOSPITAL**, her agents, servants and/or employees; and if any judgment is recovered herein by the plaintiff against the defendant, **JERSEY SHORE NURSING AGENCY INCORPORATED D/B/A JERSEY SHORE STAFFING AGENCY,** it will be damaged thereby, and the defendants, **ST. BARNABAS HOSPITAL,** is or will be responsible therefore in whole or in part.

83. That by reason of the foregoing, the defendant, **ST. BARNABAS HOSPITAL**, will be liable to the defendant, **JERSEY SHORE NURSING AGENCY INCORPORATED D/B/A JERSEY SHORE STAFFING AGENCY,** in the event and in the full amount of a recovery herein by the plaintiff or alternatively, for that proportion thereof caused by the relative

responsibility of the defendant, **ST. BARNABAS HOSPITAL**, is bound to pay any and all expenses and attorney's fees and the costs and disbursements thereof.

## AS AND FOR A FIRST COUNTERCLAIM AGAINST KIARA NAZAIRE THE DEFENDANT, JERSEY SHORE NURSING AGENCY INCORPORATED D/B/A JERSEY SHORE STAFFING AGENCY, RESPECTFULLY ALLEGES:

84. That if the plaintiff, **KIARA NAZAIRE,** sustained such damages as alleged in the complaint through any negligence other than plaintiff's own negligence, then said damages were sustained through the carelessness, recklessness and/or negligence of the plaintiff and defendant, **ST. BARNABAS HOSPITAL**, without any negligence on the part of defendant **JERSEY SHORE NURSING AGENCY INCORPORATED D/B/A JERSEY SHORE STAFFING AGENCY** contributing thereto.

85. That by reason of the foregoing, the plaintiff and defendant, **ST. BARNABAS HOSPITAL,** will be liable to plaintiff **KIARA NAZAIRE** in the event and in the amount of any judgment or verdict rendered in favor of plaintiff, and not third-party defendant.

**WHEREFORE,** defendant, **JERSEY SHORE NURSING AGENCY INCORPORATED D/B/A JERSEY SHORE STAFFING AGENCY**, demand(s) judgment against the plaintiff as follows:

(a) dismissing plaintiff's Verified Complaint, together with the costs and disbursements of this action;

(b) in the alternative, and in the event that plaintiff prevails, the defendant, **JERSEY SHORE NURSING AGENCY INCORPORATED D/B/A JERSEY SHORE STAFFING AGENCY**, demands judgment determining the respective percentages of fault on the part of the co-defendant, **ST. BARNABAS HOSPITAL** and plaintiff, thereby reducing the amount of damages as against the answering defendant, **JERSEY SHORE NURSING AGENCY INCORPORATED D/B/A JERSEY SHORE STAFFING AGENCY**, by the respective percentage of fault of the plaintiff; and

(c) granting the answering defendant's cross-claims and counter-claims.

Dated: Tarrytown, New York
September 27, 2024

*Belinda R. Boone*
_____
**BELINDA R. BOONE**

**MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C.**
Attorneys for Defendant
**JERSEY SHORE NURSING AGENCY INCORPORATED D/B/A JERSEY SHORE STAFFING AGENCY**
580 White Plains Road, Suite 620
Tarrytown, New York 10591
(914) 345-3701
File No.: 2047.114842

TO:

**JOSEPH & KIRSCHENBAUM LLP**
**D. MAIMON KIRSCHENBAUM, ESQ.**
Attorneys for Plaintiff
**KIARA NAZAIRE**
32 Broadway, Suite 601
New York, New York 10004
(212) 688-5640
EMAIL:

**ST. BARNABAS HOSPITAL**
4422 Third Avenue
Bronx, New York 10457

## ATTORNEY VERIFICATION

The undersigned, under the penalties of perjury, affirms:

That she is **BELINDA R. BOONE, an associate** of the firm of **MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C.,** that she has read the foregoing papers and the same are true to her knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, she believes them to be true; that the grounds and sources of such belief are matters contained in this firm's file, as well as conferences had between this affirmant and representatives of the defendant(s); and that the reason this affirmation is not made by the party is that said party is not in the county where affirmant has her office.

Dated: Tarrytown, New York
September 27, 2024

*Belinda R. Boone*
—————————————
**BELINDA R. BOONE**