UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

KIARA NAZAIRE,

                Plaintiff,

v.

JERSEY SHORE NURSING AGENCY
INCORPORATED d/b/a JERSEY SHORE
STAFFING AGENCY, INC., and ST.
BARNABAS HOSPITAL,

                Defendants.

-----------------------------------------------------------x

Case No. 1:24-CV-05022-AMD-PK

**DEFENDANT JSNY'S RESPONSE TO PLAINTIFF'S LOCAL RULE 56.1 STATEMENT**

## LOCAL CIVIL RULE 56.1 STATEMENT

Pursuant to Local Civil Rule 56.1 and Rule 4 B(i) of the Individual Rules of Judge Ann Donelly, Defendant Jersey Shore Nursing Agency Incorporated d/b/a Jersey Shore Staffing Agency, Inc., submits this response to Plaintiff's statement of undisputed material facts in support of its motion for partial summary judgment.

    1.    Defendant Jersey Shore Nursing Agency Incorporated d/b/a Jersey Shore Staffing Agency, Inc ("JSNA" or the "Agency") is a New Jersey corporation with a location in Avon by the Sea, New Jersey. Buzzard Decl., Ex. 1 (Russell Dep.) at 12:13-15; Buzzard Decl., Ex. 6 (SBH-JSNA Agreement) at 1.

    **Undisputed.**

    2.    JSNA is a staffing agency that provides nurses and other healthcare professionals to various healthcare employers. Buzzard Decl., Ex. 2 (Kuzin 6.17.25 Dep.) at 20:15-18; Buzzard Decl., Ex. 3 (Kuzin 7.23.25 Dep.) at 10:22-11:3; Russell Dep. at 11:5-15.

    **Undisputed with clarification. JSNA provides temporary staff to hospitals.**

    3.    Lorraine Russell ("Russell") is the founder, president, and operator of JSNA. Russell

Dep. at 10:19-11:18.

**Undisputed.**

4. Defendant St. Barnabas Hospital ("SBH" or the "Hospital") is New York corporation with a place of business at 183rd Street and Third Ave, Bronx, New York. Complaint ¶ 5; SBH Answer ¶ 5; SBH-JSNA Agreement at 1.

**Undisputed.**

5. Henry Kuzin is the Hospital's Director of Perioperative Services. Kuzin 6.17.25 Dep. at 12:22-13:4. In that role, he is responsible for overseeing several departments of the Hospital, including its operating rooms. *Id.* at 14:2-9.

**Undisputed.**

6. Plaintiff Kiara Nazaire ("Plaintiff") resides in Brooklyn, New York. Buzzard Decl., Ex. 7 (Nazaire Dep.) at 10:20-24.

**Undisputed.**

7. Plaintiff is a certified surgical technologist ("OR Tech") whose primary job is to assist surgeons in operating rooms. Nazaire Dep. at 21:6-12, 22:7-17.

**Undisputed.**

8. The Hospital employs OR Techs. The Hospital directly employs some OR Techs. Kuzin 6.17.25 Dep. at 19:11-20:18.

**Undisputed.**

9. Other OR Techs work at the Hospital through staffing agencies like JSNA. Buzzard Decl., Ex. 5 (McNaughton Dep.) at 18:21-24; Kuzin 6.17.25 Dep. at 19:11-20:18.

**Undisputed.**

10. There are no differences in the duties performed by OR Techs who are employed directly by

the Hospital and those OR Techs who are supplied to the Hospital through agencies like JSNA. Kuzin 6.17.25 Dep. at 23:20-24:2.

>**Undisputed.**

11. SBH has a contract with JSNA for the provision of various healthcare workers including OR Techs (the "SBH-JSNA Agreement"). *See* Buzzard Decl., Ex. 6 (SBH-JSNA Agreement).

>**Undisputed.**

12. The SBH-JSNA Agreement states the terms by which the Hospital engages JSNA to recruit, provide and schedule temporary staff to provide services at the Hospital. SBH-JSNA Agreement; Russell Dep. at 53:23-54:8.

>**Undisputed.**

13. The SBH-JSNA Agreement obligates JSNA to provide temporary staff that is licensed, registered or certified as required by statute and regulation; and who have been properly and adequately trained and possess the skills appropriate to perform their required duties at the Hospital. SBH-JSNA Agreement ¶ 5(b).

>**Undisputed.**

14. The SBH-JSNA Agreement requires temporary staff provided to the Hospital under the agreement to abide by the Hospital's "ethical and professional standards" and the Hospital's "policies and procedures." SBH-JSNA Agreement ¶ 6(b).

>**Undisputed.**

15. The SBH-JSNA Agreement provides that "SBH may terminate or refuse the participation of any Temporary Staff worker providing services pursuant to this Agreement, effective immediately, in SBH's sole discretion for any reason whatsoever." SBH-JSNA Agreement ¶ 5(d).

>**Undisputed with clarification. The stated provisions are related to patient care and interactions with other hospital professionals.**

16. Plaintiff was placed at the Hospital through JSNA. Kuzin Dep. at 20:19-23; Buzzard Decl., Ex. 8 (Nazaire First Contract); Buzzard Decl., Ex. 9 (Nazaire Second Contract); Buzzard Decl., Ex. 10 (Nazaire Third Contract).

>  **Undisputed.**

17. In 2023, Plaintiff applied for an OR Tech position advertised by JSNA. Russell Dep. at 18:9-14.

> **Undisputed with clarification. The contracts were to perform healthcare services for a required number of hours each week.**

18. Russell reviewed Plaintiff's resume, interviewed Plaintiff, and sent the resume to Kuzin for his review and approval. Russell Dep. at 18:18-20:15, 21:10-22:16.

> **Undisputed.**

19. Kuzin gave Russell approval to hire Plaintiff to fill a Surgical Tech position at the Hospital. Russell Dep. at 20:6-14.

> **Undisputed.**

20. Russell received a list of requirements from the Hospital that had to be satisfied before Plaintiff could be placed as a Surgical Tech at the Hospital. Russell 27:21-29:8.

> **Undisputed.**

21. Prior to being hired, Plaintiff had to conduct various tests required by the Hospital, including a physical examination, a urine drug screen, blood work, and a background check. Russell Dep. at 27:21-29:8.

> **Undisputed.**

22. The Hospital further required that Plaintiff be properly licensed as a Surgical Tech. Russell Dep. at 27:21-29:5.

**Undisputed.**

23. Russell verified Plaintiff's identity and work eligibility status and gathered documentation that Plaintiff met all the pre-employment requirements of the Hospital. Russell Dep. at 27:21-29:8.

**Undisputed.**

24. Plaintiff began working at the Hospital as a Surgical Tech on May 15, 2023. Buzzard Decl., Ex. 8 (Nazaire First Contract).

**Undisputed.**

25. Plaintiff worked at the Hospital pursuant to three contracts she held with JSNA. *See* Buzzard Decl., Exs. 8 (Nazaire First Contract), 9 (Nazaire Second Contract), 10 (Nazaire Third Contract). The term of each contract was approximately three months. *See id.*

**Undisputed.**

26. Every extension of Plaintiff's initial three-month period working at the Hospital had to be approved by Kuzin. Kuzin 6.17.25 Dep. at 51:3-8.

**Undisputed with clarification. Plaintiff was placed by JSNA pursuant to three temporary contracts.**

27. Each of Plaintiff's contracts with JSNA provided that they were "derived" from JSNA's agreement with SBH and that, except as "revised" in Plaintiff's contract, "all other provisions of [JSNA's] agreement with [SBH] shall apply to this Agreement." Nazaire First Contract at JSNA000192; Nazaire Second Contract at JSNA000197; Nazaire Third Contract at JSNA000202.

**Undisputed.**

28. In May 2023, JSNA and SBH entered into a supplemental agreement regarding the provision of Plaintiff to work at SBH. Buzzard Decl., Ex. 11 (Supplemental Agreement).

**Undisputed with clarification. The Agreement was including but not limited to SBH's right to request that Plaintiff be replaced in the sole discretion of SBH**

29. As an OR Tech at the Hospital, Plaintiff assisted surgeons in the operating room during surgery. Her responsibilities included passing instruments to the surgeons, keeping the surgical area sterile, and acting as a patient advocate. Nazaire Dep. at 21:15-19, 112:19-113:21; Russell Dep. at 22:17-23:2.

**Undisputed.**

30. The Hospital determined Plaintiff's work schedule. Kuzin 6.17.25 Dep. at 44:5-9.

**Undisputed with clarification. Plaintiff's schedule subject to her requirement to work three (3) twelve hour shifts each week**

31. Plaintiff's requests for time off had to be approved by someone at the Hospital. Kuzin 6.17.25 Dep. at 44:10-18.

**Undisputed.**

32. Kuzin prepares the work schedules for all OR Techs on a monthly basis, including those OR Techs supplied through agencies like JSNA. Kuzin 6.17.25 Dep. at 26:19-27:10.

**Undisputed.**

33. When OR Techs supplied through agencies like JSNA are working at the Hospital, the Hospital requires them to follow the same policies and procedures as the OR Techs who the Hospital employs directly. Kuzin 6.17.25 Dep. at 28:24-29:14.

**Undisputed with clarification. It is critical that personnel be scheduled to meet planned and emergency surgeries for appropriate patient care.**

34. When Plaintiff began working at the Hospital, she was required to undergo a full-day orientation program. Kuzin 6.17.25 Dep. at 41:6-42:7.

**Undisputed.**

35. This same full-day orientation program is also provided to OR Techs who are employed directly by the Hospital. Kuzin 6.17.25 Dep. at 42:4-11.

    **Undisputed.**

36. The Hospital supplied Plaintiff with a badge that she used to swipe in and out of the Hospital. Kuzin Dep. at 42:18-43:8.

    **Undisputed.**

37. The Hospital recorded Plaintiff's working time from her badge swipe ins and swipe outs. Kuzin 6.17.25 Dep. at 43:9-11.

    **Undisputed.**

38. OR Techs employed directly by the Hospital use the same badge swipe in/out timekeeping system. Kuzin 6.17.25 Dep. at 43:19-22.

    **Undisputed.**

39. The Hospital maintained time records for all OR Techs supplied by JSNA, including Plaintiff. Kuzin 6.17.25 Dep. at 93:11-15; Buzzard Decl., Ex. 12 (SBH Time Records).

    **Undisputed.**

40. If Plaintiff ever worked overtime at the Hospital, that overtime had to be approved by the Hospital. Kuzin 6.17.25 Dep. at 92:23-93:15.

    **Undisputed.**

41. The Hospital's "charge nurse" assigns the OR Techs duties and work locations on a daily basis, including those OR Techs supplied through agencies like JSNA. Kuzin 6.17.25 Dep. at 24:3-25:14; McNaughton Dep. at 14:21-15:9.

    **Undisputed.**

42. The "charge nurse" is supervised by Andrea McNaugton, the Hospital's Assistant Director of Perioperative Services. McNaughton Dep. at 13:7-19.

4934-4015-5773, v. 2

**Undisputed.**

43. The Hospital ensures that OR Techs supplied by JSNA are performing their duties satisfactorily and communicates with JSNA regarding the performance of JSNA-supplied OR Techs, including Plaintiff. Kuzin 6.17.25 Dep. at 34:24-36:3.

**Undisputed.**

44. The Hospital supervised Plaintiff's day-to-day performance of her work and assigned her work. Russell 57:24-59:2; 61:17-62:7.

**Undisputed.**

45. When Plaintiff needed to change her schedule or request time off, those changes had to be approved by the Hospital. Russell Dep. at 52:4-7; Kuzin 7.23.25 Dep. at 20:12-21:10; Nazaire Dep. at 115:9-116:19.

**Undisputed with clarification. Plaintiff's contract with JSNA does not provide for vacation time off since each contract is for a short term. However, if time off requests could be accommodated by other staffing personnel, SBH and JSNA, would review such requests.**

46. When Plaintiff wanted to request vacation time, she needed to get Kuzin's approval. *See* Nazaire First Contract; Nazaire Second Contract; Nazaire Third Contract; Russell Dep. at 42:13-24; Kuzin 7.23.25 Dep. at 20:12-21:10.

**Undisputed with clarification. When Plaintiff needed to change her schedule or request time off, those changes had to be approved by the Hospital but were to be requested directly to JSNA.**

47. Plaintiff's regular schedule at SBH included three 12-hour shifts each week, for a total of

33 hours per week. Nazaire First Contract; Nazaire Second Contract; Nazaire Third Contract; Russell Dep. at 30:14-19.

**Undisputed.**

48. From the time she started working at the Hospital in May 2023 to the end of December 2023, there were 12 weeks when Plaintiff worked less than 30 hours per week. *See* Buzzard Decl., Ex 14 (JSNA Time Records).

**Undisputed.**

49. During this period from May 2023 to the end of December 2023, Plaintiff's contract under which she worked at the Hospital was extended two times. *See* Nazaire Second Contract; Nazaire Third Contract; Russell Dep. at 133:20-23, 134:3-13.

**Undisputed.**

50. From January 5, 2024 to February 5, 2024, Plaintiff was on approved time off. *See* Nazaire Third Contract at JSNA000202; Kuzin 6.17.25 Dep. at 60:20-61:19; Russell Dep. at 131:23-132:2.

**Undisputed.**

51. Plaintiff received performance reviews on June 27, 2023 and February 20, 2024. *See* Buzzard Decl., Ex. 15 (June 2023 Performance Review), 16 (February 2024 Performance Review).

**Undisputed.**

52. In connection with these performance reviews, Russell would call the Hospital and get a verbal evaluation of Plaintiff's performance at the Hospital. Russell Dep. at 188:13-22.

**Undisputed.**

53. Plaintiff's June 2023 performance review indicated that she "meets standards" in all respects, including "Attendance & Punctuality." Buzzard Decl., Ex. 15 (June 2023 Performance Review). It further states that the "[f]acility is happy to have her & appreciates her efforts." *Id.*

**Undisputed.**

54. Plaintiff's February 2024 performance review indicated that she "meets standards" in all respects, including "Attendance & Punctuality." Buzzard Decl., Ex. 16 (February 2024 Performance Review).

> **Disputed. This review was prior to Ms. Russell being informed by the Hospital that Plaintiff was failing to meet her required hours. Russell Deposition.**

55. On February 29, 2024, Russell sent Plaintiff an email regarding her "yearly evaluation." Buzzard Decl. Ex., 17 (February 29 Email).

> **Disputed. This email was prior to Ms. Russell being informed by the Hospital that Plaintiff was failing to meet her required hours. Russell Deposition**

56. In that email, Russell wrote "I have periodically asked how things were at SBH and you and I have discussed any issues. Currently your time at SBH has been without issue and SBH Directors are appreciative to have you. There is no negative feedback, only positive." Buzzard Decl. Ex., 17 (February 29 Email).

> **Disputed. This review was prior to Ms. Russell being informed by the Hospital that Plaintiff was failing to meet her required hours. Russell Deposition**

57. In February 2024, Plaintiff discovered that she was pregnant. Nazaire Dep. at 55:710.]

**Undisputed.**

58. Soon after learning of her pregnancy, Plaintiff informed the Hospital's Assistant Nursing Director of Perioperative Services, Andrea McNaughton, that she was pregnant and could not participate in surgeries that required x-rays. Nazaire Dep. at 61:5-11, 62:6-18; McNaughton Dep. at 11:18-22, 15:10-16:5.

> **Undisputed with clarification. Plaintiff wanted her pregnancy to remain private and not disclosed to anyone, including JSNA, her employer.**

4934-4015-5773, v. 2

59. In late March 2024, Plaintiff called out from work and had to leave early several days because of sickness associated with her pregnancy. Nazaire Dep. at 122:20-123:20.

> **Disputed. Other than plaintiff's testimony, there is no evidence of the specifics of why plaintiff called out from work. In fact, Plaintiff never disclosed her pregnancy to JSNA until she was terminated for failing to show-up for her scheduled work hours**

60. On March 21, 2024, Kuzin spoke with Russell and told Russell that Plaintiff was pregnant. Russell Dep. at 84:16-19.

   **Undisputed.**

61. Russell testified the following regarding this conversation with Kuzin on March 21, 2024: "[W]hat happened is that I had called him to ask him a question about something and he told me he was having a problem because he was short staffed. Kiara was calling out a lot. When she showed up she sat in the break room. He said I'm sensitive to her not feeling well and I didn't say anything right away. He just said you know she is pregnant and I said no, I didn't know she was pregnant. I didn't know anything and that was the gist of the conversation. I was taken [a]back. He was very distraught about running his OR short staffed." Russell Dep. at 84:23-85:10.

   **Undisputed.**

62. On March 22, 2024, Russell wrote an email to her attorney concerning Plaintiff that JSNA produced in discovery. Buzzard Decl., Ex. 19 (March 22 Email); Russell Dep. at 89:9-14.

   **Disputed. The Agency renews it's objection subject to attorney-client privilege.**

63. In this email, Russell wrote: "I rec'd a call from the SBH Director. They had to send home one of my employees two days last week and yesterday b/c she was sick and could not stand long periods of time as req'd in an OR. The director made me aware she is pregnant – as they are willing

to send her home and make sure she is safe they also do think they can not support her employment if she is not able to perform at 100%." Buzzard Decl., Ex. 19 (March 22 Email).

**Disputed. The Agency renews it's objection subject to attorney-client privilege.**

64. Russell testified that the "SBH Director" mentioned in this March 22 email was Kuzin. Russell Dep. at 87:4-6.

**Disputed. The Agency renews it's objection subject to attorney-client privilege.**

65. On March 25, 2024, Russell wrote another email to her attorney concerning Plaintiff that JSNA produced in discovery. Buzzard Decl., Ex. 20 (March 25 Email); Russell Dep. at 97:7-22, 101:17-19.

**Disputed. The Agency renews it's objection subject to attorney-client privilege.**

66. In this email, Russell wrote: "Hi Dave: Do you think we could have a 5 min conversation concerning an employee – that is now pregnant – leaving calling out – leaving early – the client does not think they can work effectively until May when her contract is up – I just would like to discuss this with you please tomorrow morning – they are eager to see if what can be done." Buzzard Decl., Ex. 20 (March 25 Email).

**Disputed. The Agency renews it's objection subject to attorney-client privilege**

67. At deposition, Russell identified the "client" she referred to in this email as SBH. Russell Dep. at 99:17-19, 101:12-14.

68. On March 27, 2024, Kuzin wrote an email to Russell in which he stated: "As per our conversation on Thursday March 21, I am confirming the termination of Ms. Nazaire due to her inability to fulfill her hours obligation to SBH." Buzzard Decl., Ex. 21 (Kuzin March 27 Email); Kuzin 6.17.25 Dep. at 73:4-12.

**Undisputed.**

69. It was Kuzin's expectation after writing this email that Plaintiff would no longer work at

the Hospital. Kuzin 6.17.25 Dep. at 73:4-12.

> **Undisputed.**

70. In an email produced in discovery, Russell forwarded Kuzin's March 27 email to JSNA's attorney and asked how she should respond. Buzzard Decl., Ex. 22 (March 27 Emails) at JSNA000017.

> **Disputed.  The Agency renews it's objection subject to attorney-client privilege.**

71. JSNA's attorney wrote back to Russell: "From that email, I am not sure if they want you to find a replacement or to terminate that contract. Either way, you should terminate the employee because the contract with her has been terminated by the hospital." *Id.* at JSNA000016.

72. On March 27, 2024 Russell terminated Plaintiff. Russell Dep. at 152:19-153:2.

> **Disputed. The Agency opted to not renew Plaintiff's contract.  This should be further explained.  Plaintiff was unable to perform despite reasonable accommodations being made by the hospital.  The term of the contract was set to expire in a few weeks and SBH had advised that it would not renew JSNA's contract with SBH.  Russell Deposition.**

73. Plaintiff's termination email from Russell states: "I need to terminate you because your contract has been terminated by St Barnabas Hospital. This termination takes effect immediately . . .." Buzzard Decl., Ex. 23 (Termination Email).

74. Baindu Massaquoi is an OR Tech who was supplied to the Hospital through JSNA. Russell Dep. at 134:14-19.

> **Undisputed.**

75. Baindu Massaquoi was scheduled to work three 12-hour shifts at the Hospital per week, for a total of 33 hours per week. Russell Dep. at 136:23-25.

> **Undisputed.**

76. During the period from January 6, 2024 to March 30, 2024, there was only one week when Massaquoi worked 33 hours or more in a week. Buzzard Decl., Ex. 14 (JSNA Time Records) at JSNA000410.

> **Undisputed with Clarification.  Circumstances surrounding Massaquoi's time off are not mentioned in plaintiff's statement, nor did they inquire about the circumstances during discovery.**

77. Massaquoi was not terminated in March 2024. Buzzard Decl., Ex. 18 (JSNA Tech List); Russell Dep. at 129:4-15.

> **Undisputed.**

78. During the period from January 6, 2024 to March 30, 2024, there were three weeks when Plaintiff worked 33 hours or more in a week. Buzzard Decl., Ex. 14 (JSNA Time Records) at JSNA000410.

> **Undisputed.**

Dated: December 3, 2025

          **MARKS, O'NEILL, O'BRIEN, DOHERTY, & KELLY, PC**

By: _____
    Belinda R. Boone (BB4163)
    *Attorneys for Defendant*
    **JERSEY SHORE NURSING AGENCY INCORPORATED d/b/a JERSEY SHORE STAFFING AGENCY, INC.**
    580 White Plains Road, Suite 620
    Tarrytown, New York 10591
    914-345-3701
    File No. 2047.114842
    bboone@moodklaw.com

TO:

    Lucas Buzzard, Esq.
    Leah Seliger, Esq.
    **JOSEPH & KIRSCHENBAUM LLP**
    *Attorneys for Plaintiff*
    **KIARA NAZAIRE**
    32 Broadway, Suite 601
    New York, New York 10004
    (212) 981-9587
    **EMAIL:** leah@jk-llp.com
    Lucas@jk-llp.com


    Garfunkel Wild, PC
    **NICHOLAS SUMMO, ESQ.**
    *Attorneys for Defendant*
    **ST. BARNABAS HOSPITAL**
    111 Great Neck Road
    Great Neck, New York 11021
    (516) 393-2200
    E-Mail:  azwerling@garfunkelwild.com
            **nsummo@garfunkelwild.com**