UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
KIARA NAZAIRE, :
:
                Plaintiff, : **DEFENDANT'S COUNTER-**
: **STATEMENT OF MATERIAL**
      v. : **FACTS NOT IN DISPUTE**
:
JERSEY SHORE NURSING AGENCY :
INCORPORATED d/b/a JERSEY SHORE : CASE NO. 1:24-CV-05022-AMD-PK
STAFFING AGENCY, INC., and ST. :
BARNABAS HOSPITAL, :
:
                Defendants. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendant St. Barnabas Hospital (the "Hospital"), by its attorneys, Garfunkel Wild, P.C., submits this Counterstatement in response to Plaintiff Kiara Nazaire's Statement of Material Facts pursuant to Rule 56.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

**STATEMENT NO. 1:** Defendant Jersey Shore Nursing Agency Incorporated d/b/a Jersey Shore Staffing Agency, Inc ("JSNA" or the "Agency") is a New Jersey corporation with a location in Avon by the Sea, New Jersey. Buzzard Decl., Ex. 1 (Russell Dep.) at 12:13-15; Buzzard Decl., Ex. 6 (SBH-JSNA Agreement) at 1.

**RESPONSE TO STATEMENT NO. 1:** The Hospital does not dispute this statement, but contends that it is not material for purposes of summary judgment.

**STATEMENT NO. 2:** JSNA is a staffing agency that provides nurses and other healthcare professionals to various healthcare employers. Buzzard Decl., Ex. 2 (Kuzin 6.17.25 Dep.) at 20:15-18; Buzzard Decl., Ex. 3 (Kuzin 7.23.25 Dep.) at 10:22-11:3; Russell Dep. at 11:5-15.

**RESPONSE TO STATEMENT NO. 2:** The Hospital does not dispute this statement.

1

**STATEMENT NO. 3:**     Lorraine Russell ("Russell") is the founder, president, and operator of JSNA. Russell Dep. at 10:19-11:18.

**RESPONSE TO STATEMENT NO. 3:**     The Hospital does not dispute this statement, but contends that it is not material for purposes of summary judgment.

**STATEMENT NO. 4:**     Defendant St. Barnabas Hospital ("SBH" or the "Hospital") is New York corporation with a place of business at 183rd Street and Third Ave, Bronx, New York. Complaint ¶ 5; SBH Answer ¶ 5; SBH-JSNA Agreement at 1.

**RESPONSE TO STATEMENT NO. 4:**     The Hospital does not dispute this statement.

**STATEMENT NO. 5:**     Henry Kuzin is the Hospital's Director of Perioperative Services. Kuzin 6.17.25 Dep. at 12:22-13:4. In that role, he is responsible for overseeing several departments of the Hospital, including its operating rooms. *Id.* at 14:2-9.

**RESPONSE TO STATEMENT NO. 5:**     The Hospital does not dispute this statement.

**STATEMENT NO. 6:**     Plaintiff Kiara Nazaire ("Plaintiff") resides in Brooklyn, New York. Buzzard Decl., Ex. 7 (Nazaire Dep.) at 10:20-24.

**RESPONSE TO STATEMENT NO. 6:**     The Hospital does not dispute this statement, but contends that it is not material for the purpose of summary judgment.

**STATEMENT NO. 7:**     Plaintiff is a certified surgical technologist ("OR Tech") whose primary job is to assist surgeons in operating rooms. Nazaire Dep. at 21:6-12, 22:7-17.

**RESPONSE TO STATEMENT NO. 7:**     The Hospital does not dispute this statement.

**STATEMENT NO. 8:**     The Hospital employs OR Techs. The Hospital directly employs some OR Techs. Kuzin 6.17.25 Dep. at 19:11-20:18.

**RESPONSE TO STATEMENT NO. 8:**     The Hospital does not dispute this statement.

**STATEMENT NO. 9:**     Other OR Techs work at the Hospital through staffing agencies like JSNA. Buzzard Decl., Ex. 5 (McNaughton Dep.) at 18:21-24; Kuzin 6.17.25 Dep. at 19:11-20:18.

2

**RESPONSE TO STATEMENT NO. 9:**   The Hospital does not dispute this statement, but contends that it is not material for the purpose of summary judgment.

**STATEMENT NO. 10:**   There are no differences in the duties performed by OR Techs who are employed directly by the Hospital and those OR Techs who are supplied to the Hospital through agencies like JSNA. Kuzin 6.17.25 Dep. at 23:20-24:2.

**RESPONSE TO STATEMENT NO. 10:**   The Hospital does not dispute this statement, but contends that it is not material for the purpose of summary judgment.

**STATEMENT NO. 11:**   SBH has a contract with JSNA for the provision of various healthcare workers including OR Techs (the "SBH-JSNA Agreement"). *See* Buzzard Decl., Ex. 6 (SBH-JSNA Agreement).

**RESPONSE TO STATEMENT NO. 11:**   The Hospital does not dispute this statement.

**STATEMENT NO. 12:**   The SBH-JSNA Agreement states the terms by which the Hospital engages JSNA to recruit, provide and schedule temporary staff to provide services at the Hospital. SBH-JSNA Agreement; Russell Dep. at 53:23-54:8.

**RESPONSE TO STATEMENT NO. 12:**   The Hospital does not dispute this statement.

**STATEMENT NO. 13:**   The SBH-JSNA Agreement obligates JSNA to provide temporary staff that is licensed, registered or certified as required by statute and regulation; and who have been properly and adequately trained and possess the skills appropriate to perform their required duties at the Hospital. SBH-JSNA Agreement ¶ 5(b).

**RESPONSE TO STATEMENT NO. 13:**   The Hospital does not dispute this statement, but contends that it is not material for purposes of summary judgment.

**STATEMENT NO. 14:**   The SBH-JSNA Agreement requires temporary staff provided to the Hospital under the agreement to abide by the Hospital's "ethical and professional standards" and the Hospital's "policies and procedures." SBH-JSNA Agreement ¶ 6(b).

**RESPONSE TO STATEMENT NO. 14:** The Hospital does not dispute this statement, but contends that it is not material for purposes of summary judgment.

**STATEMENT NO. 15:** The SBH-JSNA Agreement provides that "SBH may terminate or refuse the participation of any Temporary Staff worker providing services pursuant to this Agreement, effective immediately, in SBH's sole discretion for any reason whatsoever." SBH-JSNA Agreement ¶ 5(d).

**RESPONSE TO STATEMENT NO. 15:** The Hospital does not dispute this statement.

**STATEMENT NO. 16:** Plaintiff was placed at the Hospital through JSNA. Kuzin Dep. at 20:19-23; Buzzard Decl., Ex. 8 (Nazaire First Contract); Buzzard Decl., Ex. 9 (Nazaire Second Contract); Buzzard Decl., Ex. 10 (Nazaire Third Contract).

**RESPONSE TO STATEMENT NO. 16:** The Hospital does not dispute this statement.

**STATEMENT NO. 17:** In 2023, Plaintiff applied for an OR Tech position advertised by JSNA. Russell Dep. at 18:9-14.

**RESPONSE TO STATEMENT NO. 17:** The Hospital does not dispute this statement, but contends that it is not material for purposes of summary judgment.

**STATEMENT NO. 18:** Russell reviewed Plaintiff's resume, interviewed Plaintiff, and sent the resume to Kuzin for his review and approval. Russell Dep. at 18:18-20:15, 21:10-22:16.

**RESPONSE TO STATEMENT NO. 18:** The Hospital does not dispute this statement, but contends that it is not material for purposes of summary judgment.

**STATEMENT NO. 19:** Kuzin gave Russell approval to hire Plaintiff to fill a Surgical Tech position at the Hospital. Russell Dep. at 20:6-14.

**RESPONSE TO STATEMENT NO. 19:** The Hospital does not dispute this statement, but contends that it is not material for purposes of summary judgment.

4914-2880-9340v.1

**STATEMENT NO. 20:**   Russell received a list of requirements from the Hospital that had to be satisfied before Plaintiff could be placed as a Surgical Tech at the Hospital. Russell 27:21-29:8.

**RESPONSE TO STATEMENT NO. 20:**   The Hospital disputes this statement. Ms. Russell specifically testified that these are not just requirements from the Hospital, but Joint Commission requirements that JSNA was required to follow as well. *See* Russell Dep at 28:16-19. That said, the while the Hospital disputes this statement, it contends that it is not material for the purposes of summary judgment.

**STATEMENT NO. 21:**   Prior to being hired, Plaintiff had to conduct various tests required by the Hospital, including a physical examination, a urine drug screen, blood work, and a background check. Russell Dep. at 27:21-29:8.

**RESPONSE TO STATEMENT NO. 21:**   The Hospital does not dispute this statement.

**STATEMENT NO. 22:**   The Hospital further required that Plaintiff be properly licensed as a Surgical Tech. Russell Dep. at 27:21-29:5.

**RESPONSE TO STATEMENT NO. 22:**   The Hospital disputes this statement. Ms. Russell testified requirements about certification do not come just from the Hospital, but Joint Commission requirements that JSNA was required to follow as well. *See* Russell Dept at 28:16-19. That said, the while the Hospital disputes this statement, it contends that it is not material for the purposes of summary judgment.

**STATEMENT NO. 23:**   Russell verified Plaintiff's identity and work eligibility status and gathered documentation that Plaintiff met all the pre-employment requirements of the Hospital. Russell Dep. at 27:21-29:8.

**RESPONSE TO STATEMENT NO. 23:**   The Hospital disputes this statement. Ms. Russell testified that the pre-employment requirements were not only required by the Hospital, but by the

Joint Commission as well. *See* Russell Dep. at 28:16-19. That said, while the Hospital disputes this statement, it contends that it is not material for the purposes of summary judgment.

**STATEMENT NO. 24:** Plaintiff began working at the Hospital as a Surgical Tech on May 15, 2023. Buzzard Decl., Ex. 8 (Nazaire First Contract).

**RESPONSE TO STATEMENT NO. 24:** The Hospital does not dispute this statement.

**STATEMENT NO. 25:** Plaintiff worked at the Hospital pursuant to three contracts she held with JSNA. *See* Buzzard Decl., Exs. 8 (Nazaire First Contract), 9 (Nazaire Second Contract), 10 (Nazaire Third Contract). The term of each contract was approximately three months. *See id.*

**RESPONSE TO STATEMENT NO. 25:** The Hospital does not dispute this statement.

**STATEMENT NO. 26:** Every extension of Plaintiff's initial three-month period working at the Hospital had to be approved by Kuzin. Kuzin 6.17.25 Dep. at 51:3-8.

**RESPONSE TO STATEMENT NO. 26:** The Hospital does not dispute this statement, but contends that it is not material for purposes of summary judgment.

**STATEMENT NO. 27:** Each of Plaintiff's contracts with JSNA provided that they were "derived" from JSNA's agreement with SBH and that, except as "revised" in Plaintiff's contract, "all other provisions of [JSNA's] agreement with [SBH] shall apply to this Agreement." Nazaire First Contract at JSNA000192; Nazaire Second Contract at JSNA000197; Nazaire Third Contract at JSNA000202.

**RESPONSE TO STATEMENT NO. 27:** The Hospital does not dispute this statement, but contends that it is not material for purposes of summary judgment.

**STATEMENT NO. 28:** In May 2023, JSNA and SBH entered into a supplemental agreement regarding the provision of Plaintiff to work at SBH. Buzzard Decl., Ex. 11 (Supplemental Agreement).

**RESPONSE TO STATEMENT NO. 28:** The Hospital does not dispute this statement, but contends that it is not material for purposes of summary judgment.

6

**STATEMENT NO. 29:** As an OR Tech at the Hospital, Plaintiff assisted surgeons in the operating room during surgery. Her responsibilities included passing instruments to the surgeons, keeping the surgical area sterile, and acting as a patient advocate. Nazaire Dep. at 21:15-19, 112:19-113:21; Russell Dep. at 22:17-23:2.

**RESPONSE TO STATEMENT NO. 29:** The Hospital does not dispute this statement.

**STATEMENT NO. 30:** The Hospital determined Plaintiff's work schedule. Kuzin 6.17.25 Dep. at 44:5-9.

**RESPONSE TO STATEMENT NO. 30:** The Hospital does not dispute this statement.

**STATEMENT NO. 31:** Plaintiff's requests for time off had to be approved by someone at the Hospital. Kuzin 6.17.25 Dep. at 44:10-18.

**RESPONSE TO STATEMENT NO. 31:** The Hospital does not dispute this statement.

**STATEMENT NO. 32:** Kuzin prepares the work schedules for all OR Techs on a monthly basis, including those OR Techs supplied through agencies like JSNA. Kuzin 6.17.25 Dep. at 26:19-27:10.

**RESPONSE TO STATEMENT NO. 32:** The Hospital does not dispute this statement.

**STATEMENT NO. 33:** When OR Techs supplied through agencies like JSNA are working at the Hospital, the Hospital requires them to follow the same policies and procedures as the OR Techs who the Hospital employs directly. Kuzin 6.17.25 Dep. at 28:24-29:14.

**RESPONSE TO STATEMENT NO. 33:** The Hospital does not dispute this statement.

**STATEMENT NO. 34:** When Plaintiff began working at the Hospital, she was required to undergo a full-day orientation program. Kuzin 6.17.25 Dep. at 41:6-42:7.

**RESPONSE TO STATEMENT NO. 34:** The Hospital does not dispute this statement.

**STATEMENT NO. 35:** This same full-day orientation program is also provided to OR Techs who are employed directly by the Hospital. Kuzin 6.17.25 Dep. at 42:4-11.

**RESPONSE TO STATEMENT NO. 35:** The Hospital does not dispute this statement.

**STATEMENT NO. 36:**  The Hospital supplied Plaintiff with a badge that she used to swipe in and out of the Hospital. Kuzin Dep. at 42:18-43:8.

**RESPONSE TO STATEMENT NO. 36:**  The Hospital does not dispute this statement.

**STATEMENT NO. 37:**  The Hospital recorded Plaintiff's working time from her badge swipe ins and swipe outs. Kuzin 6.17.25 Dep. at 43:9-11.

**RESPONSE TO STATEMENT NO. 37:**  The Hospital does not dispute this statement.

**STATEMENT NO. 38:**  OR Techs employed directly by the Hospital use the same badge swipe in/out timekeeping system. Kuzin 6.17.25 Dep. at 43:19-22.

**RESPONSE TO STATEMENT NO. 38:**  The Hospital does not dispute this statement.

**STATEMENT NO. 39:**  The Hospital maintained time records for all OR Techs supplied by JSNA, including Plaintiff. Kuzin 6.17.25 Dep. at 93:11-15; Buzzard Decl., Ex. 12 (SBH Time Records).

**RESPONSE TO STATEMENT NO. 39:**  The Hospital does not dispute this statement.

**STATEMENT NO. 40:**  If Plaintiff ever worked overtime at the Hospital, that overtime had to be approved by the Hospital. Kuzin 6.17.25 Dep. at 92:23-93:15.

**RESPONSE TO STATEMENT NO. 40:**  The Hospital does not dispute this statement.

**STATEMENT NO. 41:**  The Hospital's "charge nurse" assigns the OR Techs duties and work locations on a daily basis, including those OR Techs supplied through agencies like JSNA. Kuzin 6.17.25 Dep. at 24:3-25:14; McNaughton Dep. at 14:21-15:9.

**RESPONSE TO STATEMENT NO. 41:**  The Hospital does not dispute this statement.

**STATEMENT NO. 42:**  The "charge nurse" is supervised by Andrea McNaugton, the Hospital's Assistant Director of Perioperative Services. McNaughton Dep. at 13:7-19.

**RESPONSE TO STATEMENT NO. 42:**  The Hospital does not dispute this statement.

**STATEMENT NO. 43:**  The Hospital ensures that OR Techs supplied by JSNA are performing their duties satisfactorily and communicates with JSNA

8

regarding the performance of JSNA-supplied OR Techs, including Plaintiff. Kuzin 6.17.25 Dep. at 34:24-36:3.

**RESPONSE TO STATEMENT NO. 43:** The Hospital disputes this statement. Mr. Kuzin specifically testified that the Hospital's process for ensuring that OR techs supplied by JSNA are performing their duties satisfactorily *is* communicating with JSNA – the tech's employer – regarding their performance, as that is the Hospital's only recourse. Kuzin 6.17/25 Dep. at 34:24-25 – 36:2-15. That said, while the Hospital disputes this statement, it contends that it is not material for the purposes of summary judgment.

**STATEMENT NO. 44:** The Hospital supervised Plaintiff's day-to-day performance of her work and assigned her work. Russell 57:24-59:2; 61:17-62:7.

**RESPONSE TO STATEMENT NO. 44:** The Hospital does not dispute this statement.

**STATEMENT NO. 45:** When Plaintiff needed to change her schedule or request time off, those changes had to be approved by the Hospital. Russell Dep. at 52:4-7; Kuzin 7.23.25 Dep. at 20:12-21:10; Nazaire Dep. at 115:9-116:19.

**RESPONSE TO STATEMENT NO. 45:** The Hospital disputes this statement. Russell testified that if Plaintiff needed to change her schedule or take time off, she would *first* have to notify JSNA and then notify the Hospital. *See* Russell Dep., at 51:18-25 – 52:2. Plaintiff's First, Second, and Third Short-Term Contracts also state that "any and all callouts must be reported to JSSA *first* then reported to the OR and ST. Barnabas Nursing Office." *See also* Nazaire First Contract at JSNA000192; Nazaire Second Contract at JSNA000197; Nazaire Third Contract at JSNA000202. That said, while the Hospital disputes this statement, it contends that it is not material for the purposes of summary judgment.

**STATEMENT NO. 46:** When Plaintiff wanted to request vacation time, she needed to get Kuzin's approval. *See* Nazaire First Contract; Nazaire Second

9

4914-2880-9340v.1

        Contract; Nazaire Third Contract; Russell Dep. at 42:13-24; Kuzin 7.23.25 Dep. at 20:12-21:10.

**RESPONSE TO STATEMENT NO. 46:** The Hospital disputes this statement. Mr. Kuzin testified that vacation requests for agency-supplied techs like Plaintiff go through their employer and then the employer reaches out to him with the specific details. Kuzin 7.23.25 Dep. at 20:19-22. That said, while the Hospital disputes this statement, it contends that it is not material for the purposes of summary judgment.

**STATEMENT NO. 47:** Plaintiff's regular schedule at SBH included three 12-hour shifts each week, for a total of 33 hours per week. Nazaire First Contract; Nazaire Second Contract; Nazaire Third Contract; Russell Dep. at 30:14-19.

**RESPONSE TO STATEMENT NO. 47:** The Hospital does not dispute this statement.

**STATEMENT NO. 48:** From the time she started working at the Hospital in May 2023 to the end of December 2023, there were 12 weeks when Plaintiff worked less than 30 hours per week. *See* Buzzard Decl., Ex 14 (JSNA Time Records).

**RESPONSE TO STATEMENT NO. 48:** The Hospital does not dispute this statement, but contends that it is not material for the purposes of summary judgment.

**STATEMENT NO. 49:** During this period from May 2023 to the end of December 2023, Plaintiff's contract under which she worked at the Hospital was extended two times. *See* Nazaire Second Contract; Nazaire Third Contract; Russell Dep. at 133:20-23, 134:3-13.

**RESPONSE TO STATEMENT NO. 49:** The Hospital does not dispute this statement.

**STATEMENT NO. 50:** From January 5, 2024 to February 5, 2024, Plaintiff was on approved time off. *See* Nazaire Third Contract at JSNA000202; Kuzin 6.17.25 Dep. at 60:20-61:19; Russell Dep. at 131:23-132:2.

**RESPONSE TO STATEMENT NO. 50:** The Hospital does not dispute this statement.

4914-2880-9340v.1

**STATEMENT NO. 51:**     Plaintiff received performance reviews on June 27, 2023 and February 20, 2024. *See* Buzzard Decl., Ex. 15 (June 2023 Performance Review), 16 (February 2024 Performance Review).

**RESPONSE TO STATEMENT NO. 51:**     The Hospital does not dispute this statement.

**STATEMENT NO. 52:**     In connection with these performance reviews, Russell would call the Hospital and get a verbal evaluation of Plaintiff's performance at the Hospital. Russell Dep. at 188:13-22.

**RESPONSE TO STATEMENT NO. 52:**     The Hospital does not dispute this statement.

**STATEMENT NO. 53:**     Plaintiff's June 2023 performance review indicated that she "meets standards" in all respects, including "Attendance & Punctuality." Buzzard Decl., Ex. 15 (June 2023 Performance Review). It further states that the "[f]acility is happy to have her & appreciates her efforts." *Id.*

**RESPONSE TO STATEMENT NO. 53:**     The Hospital does not dispute this statement.

**STATEMENT NO. 54:**     Plaintiff's February 2024 performance review indicated that she "meets standards" in all respects, including "Attendance & Punctuality." Buzzard Decl., Ex. 16 (February 2024 Performance Review).

**RESPONSE TO STATEMENT NO. 54:**     The Hospital does not dispute this statement, but clarifies that this review was issued prior to Ms. Russell being informed by the Hospital that Plaintiff was failing to meet her required hours. *See* JSNA's Response to Plaintiff's 56.1 Statement.

**STATEMENT NO. 55:**     On February 29, 2024, Russell sent Plaintiff an email regarding her "yearly evaluation." Buzzard Decl. Ex., 17 (February 29 Email).

**RESPONSE TO STATEMENT NO. 55:**     The Hospital does not dispute this statement, but clarifies that this review was issued prior to Ms. Russell being informed by the Hospital that Plaintiff was failing to meet her required hours. *See* JSNA's Response to Plaintiff's 56.1 Statement.

**STATEMENT NO. 56:**     In that email, Russell wrote "I have periodically asked how things were at SBH and you and I have discussed any issues. Currently your time at SBH has been without issue and SBH Directors are

11

appreciative to have you. There is no negative feedback, only positive." Buzzard Decl. Ex., 17 (February 29 Email).

**RESPONSE TO STATEMENT NO. 56:** The Hospital does not dispute this statement, but clarifies that this review was issued prior to Ms. Russell being informed by the Hospital that Plaintiff was failing to meet her required hours. *See* JSNA's Response to Plaintiff's 56.1 Statement.

**STATEMENT NO. 57:** In February 2024, Plaintiff discovered that she was pregnant. Nazaire Dep. at 55:710.

**RESPONSE TO STATEMENT NO. 57:** The Hospital does not dispute this statement.

**STATEMENT NO. 58:** Soon after learning of her pregnancy, Plaintiff informed the Hospital's Assistant Nursing Director of Perioperative Services, Andrea McNaughton, that she was pregnant and could not participate in surgeries that required x-rays. Nazaire Dep. at 61:5-11, 62:6-18; McNaughton Dep. at 11:18-22, 15:10-16:5.

**RESPONSE TO STATEMENT NO. 58:** The Hospital does not dispute this statement.

**STATEMENT NO. 59:** In late March 2024, Plaintiff called out from work and had to leave early several days because of sickness associated with her pregnancy. Nazaire Dep. at 122:20-123:20.

**RESPONSE TO STATEMENT NO. 59:** While the Hospital does not dispute that Plaintiff failed to work her contractually required hours, it disputes her assertion that it was a result of pregnancy-related sickness. There has been no evidence in discovery that Plaintiff contemporaneously informed JSNA or the Hospital that she was failing to fulfill her required hours due to pregnancy-related issues. *See* Kuzin 6.17.25 Dep. at 131:20-25 – 133:2-9; Russell Dep. at 92:15-25 – 94:2-6. That said, while the Hospital disputes this statement, it contends that the reasons for Plaintiff's failure to meet her contractually required hours is not material for the purposes of summary judgment.

12

**STATEMENT NO. 60:** On March 21, 2024, Kuzin spoke with Russell and told Russell that Plaintiff was pregnant. Russell Dep. at 84:16-19.

**RESPONSE TO STATEMENT NO. 60:** The Hospital disputes this statement. Mr. Kuzin testified that he first learned that Ms. Nazaire was pregnant after the instant lawsuit was filed. *See* Kuzin 6.17.25 Dep. at 62:5-14. That said, while the Hospital disputes that Mr. Kuzin knew Plaintiff was pregnant, it nevertheless contends that such information is not material for the purposes of summary judgment.

**STATEMENT NO. 61:** Russell testified the following regarding this conversation with Kuzin on March 21, 2024: "[W]hat happened is that I had called him to ask him a question about something and he told me he was having a problem because he was short staffed. Kiara was calling out a lot. When she showed up she sat in the break room. He said I'm sensitive to her not feeling well and I didn't say anything right away. He just said you know she is pregnant and I said no, I didn't know she was pregnant. I didn't know anything and that was the gist of the conversation. I was taken [a]back. He was very distraught about running his OR short staffed." Russell Dep. at 84:23-85:10.

**RESPONSE TO STATEMENT NO. 61:** The Hospital does not dispute this statement.

**STATEMENT NO. 62:** On March 22, 2024, Russell wrote an email to her attorney concerning Plaintiff that JSNA produced in discovery. Buzzard Decl., Ex. 19 (March 22 Email); Russell Dep. at 89:9-14.

**RESPONSE TO STATEMENT NO. 62:** The Hospital does not dispute this statement.

**STATEMENT NO. 63:** In this email, Russell wrote: "I rec'd a call from the SBH Director. They had to send home one of my employees two days last week and yesterday b/c she was sick and could not stand long periods of time as req'd in an OR. The director made me aware she is pregnant – as they are willing to send her home and make sure she is safe they also do think they can not support her employment if she is not able to perform at 100%." Buzzard Decl., Ex. 19 (March 22 Email).

**RESPONSE TO STATEMENT NO. 63:** The Hospital does not dispute this statement.

13

**STATEMENT NO. 64:**   Russell testified that the "SBH Director" mentioned in this March 22 email was Kuzin. Russell Dep. at 87:4-6.

**RESPONSE TO STATEMENT NO. 64:**   The Hospital does not dispute this statement.

**STATEMENT NO. 65:**   On March 25, 2024, Russell wrote another email to her attorney concerning Plaintiff that JSNA produced in discovery. Buzzard Decl., Ex. 20 (March 25 Email); Russell Dep. at 97:7-22, 101:17-19.

**RESPONSE TO STATEMENT NO. 65:**   The Hospital does not dispute this statement.

**STATEMENT NO. 66:**   In this email, Russell wrote: "Hi Dave: Do you think we could have a 5 min conversation concerning an employee – that is now pregnant – leaving calling out – leaving early – the client does not think they can work effectively until May when her contract is up – I just would like to discuss this with you please tomorrow morning – they are eager to see if what can be done." Buzzard Decl., Ex. 20 (March 25 Email).

**RESPONSE TO STATEMENT NO. 66:**   The Hospital does not dispute that Ms. Russell wrote the email attached as Exhibit 20, but Ms. Russell testified at her deposition that "it might have been a thought on her part," and clarified that the message to her attorney in Ex. 20 was "conjecture" and her opinion based on "conversations" she had with both Plaintiff and Mr. Kuzin. Ms. Russell also testified that the Hospital was "distressed" about not having adequate staff to run its operating room. *See* Russell Dep. at 100:9-22 – 102:2-17. That said, while the Hospital does not dispute that Ms. Russell wrote the above-referenced March 25, 2024 email, it contends that its contents are not material for the purposes of summary judgment.

**STATEMENT NO. 67:**   At deposition, Russell identified the "client" she referred to in this email as SBH. Russell Dep. at 99:17-19, 101:12-14.

**RESPONSE TO STATEMENT NO. 67:**   The Hospital does not dispute this statement.

**STATEMENT NO. 68:**   On March 27, 2024, Kuzin wrote an email to Russell in which he stated: "As per our conversation on Thursday March 21, I am confirming the termination of Ms. Nazaire due to her inability to

14

4914-2880-9340v.1

fulfill her hours obligation to SBH." Buzzard Decl., Ex. 21 (Kuzin March 27 Email); Kuzin 6.17.25 Dep. at 73:4-12.

**RESPONSE TO STATEMENT NO. 68:** The Hospital does not dispute this statement. That said, while the Hospital does not dispute that Ms. Russell wrote the above-referenced March 21, 2024 email, it contends that its contents are not material for the purposes of summary judgment.

**STATEMENT NO. 69:** It was Kuzin's expectation after writing this email that Plaintiff would no longer work at the Hospital. Kuzin 6.17.25 Dep. at 73:4-12.

**RESPONSE TO STATEMENT NO. 69:** The Hospital does not dispute this statement, but clarifies that Mr. Kuzin specifically testified that he did not make any requests or demands to Ms. Russell or JSNA about what the Hospital would like to see happen to Plaintiff after her placement at the Hospital ended in March 2024.  *See* Kuzin 6.17.25 Dep. at 126:14-23.

**STATEMENT NO. 70:** In an email produced in discovery, Russell forwarded Kuzin's March 27 email to JSNA's attorney and asked how she should respond.[3] Buzzard Decl., Ex. 22 (March 27 Emails) at JSNA000017.

**RESPONSE TO STATEMENT NO. 70:** The Hospital does not dispute this statement.

**STATEMENT NO. 71:** JSNA's attorney wrote back to Russell: "From that email, I am not sure if they want you to find a replacement or to terminate that contract. Either way, you should terminate the employee because the contract with her has been terminated by the hospital." *Id.* at JSNA000016.

**RESPONSE TO STATEMENT NO. 71:** The Hospital does not dispute this statement, but contends that it is not material for the purposes of summary judgment.

**STATEMENT NO. 72:** On March 27, 2024 Russell terminated Plaintiff. Russell Dep. at 152:19-153:2.

**RESPONSE TO STATEMENT NO. 72:** The Hospital does not dispute this statement.

15

4914-2880-9340v.1

**STATEMENT NO. 73:** Plaintiff's termination email from Russell states: "I need to terminate you because your contract has been terminated by St Barnabas Hospital. This termination takes effect immediately . . .." Buzzard Decl., Ex. 23 (Termination Email).

**RESPONSE TO STATEMENT NO. 73:** The Hospital does not dispute this statement.

**STATEMENT NO. 74:** Baindu Massaquoi is an OR Tech who was supplied to the Hospital through JSNA. Russell Dep. at 134:14-19.

**RESPONSE TO STATEMENT NO. 74:** The Hospital does not dispute this statement, but contends that it is not material for the purposes of summary judgment.

**STATEMENT NO. 75:** Baindu Massaquoi was scheduled to work three 12-hour shifts at the Hospital per week, for a total of 33 hours per week. Russell Dep. at 136:23-25.

**RESPONSE TO STATEMENT NO. 75:** The Hospital does not dispute this statement, but contends that it is not material for the purposes of summary judgment.

**STATEMENT NO. 76:** During the period from January 6, 2024 to March 30, 2024, there was only one week when Massaquoi worked 33 hours or more in a week. Buzzard Decl., Ex. 14 (JSNA Time Records) at JSNA000410.

**RESPONSE TO STATEMENT NO. 76:** The Hospital does not dispute this statement, but clarifies that for the thirteen-week period from January 6, 2024 to March 30, 2024, Massaquoi worked over thirty hours nine (9) times, and was less than two hours short of her 33-hour requirement six (6) times. *See* Buzzard Decl., Ex. 14. That said, the Hospital contends that this statement is not material for the purposes of summary judgment.

**STATEMENT NO. 77:** Massaquoi was not terminated in March 2024. Buzzard Decl., Ex. 18 (JSNA Tech List); Russell Dep. at 129:4-15.

**RESPONSE TO STATEMENT NO. 77:** The Hospital does not dispute this statement but clarifies that Ms. Russell testified that Massaquoi was subsequently terminated for failure to show

16

up for three (3) consecutive shifts. *See* Russell Dep. at 134:17-24. That said, the Hospital contends that this statement is not material for the purposes of summary judgment.

**STATEMENT NO. 78:**   During the period from January 6, 2024 to March 30, 2024, there were three weeks when Plaintiff worked 33 hours or more in a week. Buzzard Decl., Ex. 14 (JSNA Time Records) at JSNA000410.

**RESPONSE TO STATEMENT NO. 78:**   The Hospital does not dispute this statement, but contends that it is not material for the purposes of summary judgment.


Dated: Garden City, New York
       December 4, 2025

                                        **GARFUNKEL WILD, P.C.**
                                        *Attorneys for Defendant St. Barnabas Hospital*


                                  By:    */s/ Nicholas M. Summo*
                                             Andrew L. Zwerling
                                             Nicholas M. Summo
                                             900 Stewart Avenue, 4th Floor
                                             Garden City, New York 11530

4914-2880-9340v.1