UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| KIARA NAZAIRE, | : : : : | Case No. 1:24-CV-05022-AMD-PK |
| Plaintiff, | : : | **DEFENDANT JSNY'S PRE-CONFERENCE LETTER** |
| v. | : : |  |
| JERSEY SHORE NURSING AGENCY INCORPORATED d/b/a JERSEY SHORE STAFFING AGENCY, INC., and ST. BARNABAS HOSPITAL, | : : : : : : |  |
| Defendants. | : : |  |

Pursuant to Local Civil Rule 56.1 and Rule 4 B(i) of the Individual Rules of Judge Ann Donelly, Defendant Jersey Shore Nursing Agency Incorporated d/b/a Jersey Shore Staffing Agency, Inc., submits this Pre-Conference Letter in support of its motion for partial summary judgment.

Plaintiff, Kiara Nazaire ("Ms. Nazaire" or "Plaintiff"), filed a Summons and Complaint in the Eastern District of New York on July 19, 2024, against Defendants, Jersey Shore Nursing Agency Incorporated ("JSNA") and St. Barnabas Hospital ("The Hospital"), alleging claims of retaliation and interference in violation of the Family and Medical Leave Act ("FMLA"), 28 U.S.C. §§ 2601, et seq., and discrimination claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Pregnancy Workers Fairness Act ("PWFA"), the New York State Human Rights Law ("NYSHRL"), the New York City Human Rights Law ("NYCHRL"), and New York Labor Law ("NYLL"). Our firm represents JSNA in this matter. Plaintiff is represented by D. Maimon Kirschenbaum at Joseph & Kirschenbaum LLP.

Defendant, JSNA, is a New Jersey corporation headquartered in Avon by the Sea, New Jersey. JSNA provides temporary, short-term nurses (and other professional staff) to hospitals which are memorialized in written agreements between the hospital and JSNA. Co-Defendant, The Hospital, is a New York non-profit corporation with a place of business at 4422 Third Ave, Bronx, New York. [*Id*]. There were three short term contracts between JSNY and the plaintiff in total.

Plaintiff was employed by JSNA as a contractual "Traveling Surgical Technologist" on May 15, 2023, assisting surgeons during surgical procedures. [*See* Exhibit B, Plaintiff's Renewed Contract dated 12/17/2023-05/04/2024]; [*See* ECF Docket No. 27]. Plaintiff worked for Defendants at the Hospital's Bronx location from May 15, 2023 until termination on March 27, 2024. [*Id*]. Plaintiff was to report all schedule changes and "call outs" to JSNA first, then the Hospital. [*See* Exhibit B, Plaintiff's Renewed Contract dated 12/17/2023-05/04/2024]. All provisions of the contract agreement between JSNA and The Hospital applied to Plaintiff's contract. [*Id*]. Plaintiff was expected to work three 12-hour shifts each week for a total of thirty-three (33) hours per week. [*See* Exhibit B, Plaintiff's Renewed Contract dated 12/17/2023-05/04/2024]. Plaintiff's renewed contract was set to expire on May 4, 2024. [*Id*]. Plaintiff alleges she was wrongfully terminated by defendants on March 27, 2024, in violation of the FMLA. Plaintiff further alleges she was subjected to discrimination under NYSHRL, NYCHRL, and NYLL. [*See* ECF Docket No. 27]. Plaintiff also alleges that Defendants never criticized Plaintiff's performance prior to her announcing her

pregnancy and requiring medical leave. [*Id*]. Plaintiff failed to meet contractual requirements, well before her termination, demonstrated by at least two E-Mail exchanges between Lorraine Russell, ("Ms. Russell"), Director of Operations for JSNA, to Plaintiff, on July 22, 2023 and August 21, 2023. [*See* Exhibit C, Prior Email Exchanges between Plaintiff and Ms. Russell of Work Performance Issues].

The eight weeks preceding Plaintiff's termination, Plaintiff worked less than thirty-three (33) hours for five (5) out of eight (8) weeks, starting January 30, 2024, until March 26, 2024. [*See* Exhibit D, Weekly Timesheets]. Plaintiff failed to meet her weekly hourly requirements for the week of February 5, 2024, as she worked a total of 29.5 hours. [*See* Exhibit D, page 34, Weekly Timesheets]. Plaintiff failed to meet her weekly hourly requirements for the week of February 11, 2024, as she worked a total of 22.06 hours. [*See* Exhibit D, page 35, Weekly Timesheets]. Plaintiff failed to meet her weekly hourly requirements for the week of February 25, 2024, as she worked a total of 23.30 hours. [*See* Exhibit D, page 37, Weekly Timesheets]. Plaintiff failed to meet her weekly hourly requirements for the week of March 3, 2024, as she worked a total of 22.18 hours. [*See* Exhibit D, page 38, Weekly Timesheets]. Plaintiff failed to meet her weekly hourly requirements for the week of March 10, 2024, as she worked a total of 11 hours. [*See* Exhibit D, page 39, Weekly Timesheets]. Plaintiff failed to meet her weekly hourly requirements for the week of March 17, 2024, as she worked a total of 27.30 hours. [*See* Exhibit D, page 40, Weekly Timesheets]. Plaintiff failed to meet her weekly hourly requirements for the week of March 24, 2024, as she worked a total of 10.54 hours. [*See* Exhibit D, page 41, Weekly Timesheets]. Plaintiff alleges that when she discovered she was pregnant around February 2024 she informed an employee from The Hospital, Assistant Nursing Director, Andrea McNaughton, that she could not participate in surgeries that required X-Rays. [*See* ECF Docket No. 27]. Plaintiff alleges that she informed Ms. Russell of her pregnancy on March 25, 2024. [*Id*]. On March 26, 2024, Ms. Russell requested Plaintiff be terminated due to failure to work the adequate hours per her contract. [*See* Exhibit E, Email Exchange Regarding Termination due to Poor Performance].

A plaintiff may advance a cognizable claim for FMLA violations pursuant to 29 U.S.C. § 2615(a) under two distinct theories: "interference" and "retaliation." *See Potenza v. City of New York*, 365 F.3d 165, 167 (2d Cir.2004). An FMLA retaliation claim is analyzed under the *McDonnell Douglas* three-step burden shifting framework. *See Roberts v. Health Ass'n*, 308 Fed.Appx. 568, 570 (2d Cir. 2009) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L. Ed. 2d 668 (1973)). To prevail on an FMLA retaliation claim, the complaint must plead facts plausible to establish that: (1) plaintiff exercised rights protected under the FMLA; (2) plaintiff was qualified for the position; (3) plaintiff suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent. *Offor v. Mercy Med. Ctr.*, 2021 U.S. Dist. LEXIS 90013 at 26-27; (citing *Potenza*, 365 F.3d at 168).

Plaintiff did not exercise rights protected under the FMLA, because she did not inform her employer, JSNA, of her pregnancy until March 25, 2024, at the earliest, after she had already failed to meet her work requirements pursuant to her contract. Plaintiff was not qualified for her position as she could not maintain her contractual hourly duties. Plaintiff failed to fulfill her contract as she worked less than thirty-three (33) hours for five (5) out of eight (8) weeks, starting January 30, 2024 until March 26, 2024. [*See* Exhibit C, Email exchange]. Plaintiff was terminated, however, the termination was due to Plaintiff's repeated failures to meet her contractual hourly requirements, therefore, it was not "adverse." Lastly, JSNA did not terminate Plaintiff's employment due to pregnancy, it was because of failure to fulfill her contractual duties. Plaintiff failed to fulfill her contract as she worked less than thirty-three (33) hours for five (5) out of eight (8) weeks, starting January 30, 2024 until March 26, 2024. [*See* Exhibit C, Email exchange].

Title VII of the Civil Rights Act of 1964 provides that "[i]t shall be unlawful employment practice for an employer . . . to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a).

Similarly, the NYSHRL provides that "[i]t shall be an unlawful discriminatory practice [f]or an employer . . . because of an individual's . . . sex . . . to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment." N.Y. Exec. Law § 296(3-a). "[C]laims under the NYSHRL are analyzed identically to claims under . . . Title VII, [and] the outcome of an employment discrimination claim made pursuant to the NYSHRL is the same as it is under . . . Title VII." *Smith v. Xerox Corp.*, 196 F. 3d 358, 372 n.1 (2d Cir. 1999); see also *Joseph v. Owens & Minor Distrib. Inc.*, 5 F. Supp. 3d 295, 307-15 (E.D.N.Y. 2014), aff'd, 595 F. Appx 29 (2d Cir. 2015). Courts apply the same *McDonnell Douglas* burden-shifting framework as they do for an FMLA retaliation claim. First, an employee must establish a prima facie case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). To do so, the employee must demonstrate she (1) was within a protected class; (2) was qualified for [her] position; (3) was subject to an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination." *Green v. Town of E. Haven*, 952 F.3d 394, 401 (2d Cir. 2020) (quoting *Green v. E. Haven Police Dep't*, No. 16-CV-321, 2017 U.S. Dist. LEXIS 207845, 2017 WL 6498144, at *6 (D. Conn. Dec. 19, 2017)). Plaintiff's burden in establishing a prima facie case is de minimus. *Briggs v. Women in Need, Inc.*, 819 F. Supp. 2d 119, 126 (E.D.N.Y. 2011). Once a prima facie case is established, the burden shifts to the employer to articulate a non-discriminatory reason for the employment decision.

The same analysis for the allegations of FMLA, 28 U.S.C. §§ 2601, et seq. applies as above. Even if Plaintiff were to make out her prima facie case of retaliation (and/or discrimination), JSNA terminated Plaintiff due to non-discriminatory reasons. JSNA did not terminate Plaintiff's employment due to pregnancy, it was due to failure to fulfill her contractual duties. Plaintiff failed to fulfill her contract as she worked less than thirty-three (33) hours for five (5) out of eight (8) weeks, starting January 30, 2024, until March 26, 2024. [*See* Exhibit C, Email exchange]. Furthermore, according to Plaintiff and the complaint, she informed personnel at The Hospital of her pregnancy. Plaintiff did not inform anyone at JSNA of her pregnancy until at least March 25, 2025. It appears the Hospital was informed of Plaintiff's pregnancy and thus could have afforded the proper protections/accommodations for Plaintiff. However, Plaintiff failed to appropriately request these accommodations, thus resulting in her calling out of shifts and failing to meet her contractual requirements and subsequent termination. Plaintiff was terminated due to failure to meet the basic work requirements laid out in her contract. Plaintiff failed to fulfill her contract as she worked less than thirty-three (33) hours for five (5) out of eight (8) weeks, starting January 30, 2024, until March 26, 2024. [See Exhibit C, Email exchange]. Plaintiff's allegations pursuant to FMLA, Title VII, PWFA, NYSHRL, NYCHRL, and NYLL are without merit as Plaintiff did not suffer an adverse employment action, because she was terminated due to poor work performance. It is also noteworthy that Plaintiff's contract with JSNA had a specific provision informing Plaintiff that her employment with JSNA would be terminated if the Hospital so requests that her employment be terminated. In this case, the Hospital made that request due to Plaintiff's persistent absenteeism. JSNA was contractually obligated to terminate Plaintiff's employment especially when the basis for the termination, persistent absenteeism was so blatant. The very nature of these short-term employment contracts is to provide healthcare services on a temporary basis to assist the Hospital in providing essential healthcare for its patients until the Hospital could hire its own staff. These placements are not permanent. The reasonable expectations of the parties (Hospital, Agency and employee) understanding the short term and temporary nature of the employment should not be considered in a vacuum but with the fundamental nature of the relationship.

  JSNA should not be held liable for discriminatory employment practices for exercising their right to terminate Plaintiff's employment due to her failure to fulfill her contract.

Dated: December 15, 2025

**MARKS, O'NEILL, O'BRIEN, DOHERTY,<br>& KELLY, PC**

By: *Belinda R. Boone* (signature)
    Belinda R. Boone (BB4163)
    *Attorneys for Defendant*
    **JERSEY SHORE NURSING AGENCY INCORPORATED d/b/a JERSEY SHORE STAFFING AGENCY, INC.**
    580 White Plains Road, Suite 620
    Tarrytown, New York 10591
    914-345-3701
    File No. 2047.114842
    bboone@moodklaw.com

TO:
Lucas Buzzard, Esq.
Leah Seliger, Esq.
**JOSEPH & KIRSCHENBAUM LLP**
*Attorneys for Plaintiff*
**KIARA NAZAIRE**
32 Broadway, Suite 601
New York, New York 10004
(212) 981-9587
**EMAIL: leah@jk-llp.com**
Lucas@jk-llp.com


Garfunkel Wild, PC
**NICHOLAS SUMMO, ESQ.**
*Attorneys for Defendant*
**ST. BARNABAS HOSPITAL**
111 Great Neck Road
Great Neck, New York 11021
(516) 393-2200
E-Mail:  azwerling@garfunkelwild.com
        **nsummo@garfunkelwild.com**

4897-5927-5650, v. 1