**GARFUNKEL WILD, P.C.**
ATTORNEYS AT LAW

900 STEWART AVENUE • GARDEN CITY, NEW YORK 11530
TEL (516) 393-2200 • FAX (516) 466-5964
www.garfunkelwild.com

NICHOLAS M. SUMMO
Senior Attorney
Licensed in NY, NJ, CT
Email: nsummo@garfunkelwild.com
Direct Dial: (516) 393-2594

FILE NO.:   00113.1850

December 15, 2025

**By ECF**

The Honorable Ann Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Nazaire v. JSNA, Inc. et al*
             Docket No. 1:24-CV-5022

Dear Judge Donnelly:

      We are counsel to defendant St. Barnabas Hospital (the "Hospital") in the referenced action. In accordance with Your Honor's Individual Rules of Practice, we respectfully request that that the Court schedule a pre-motion conference in advance of the Hospital's anticipated motion for summary judgment.[1] As explained below, Plaintiff's federal, state, and local discrimination and retaliation claims are baseless as a matter of fact and law.

**The Hospital Is Entitled To Summary Judgment On**
**Plaintiff's Claims Because The Hospital Was Not Plaintiff's Employer**

      As a threshold matter, the Hospital submits that it cannot be liable to Plaintiff because it was not her employer. Rather, the record demonstrates that Plaintiff was employed solely by defendant Jersey Shore Nursing Agency, Inc. d/b/a Jersey Shore Staffing Agency, Inc. (the "Agency"). As such, the Hospital could not – and did not – take any adverse action against her so as to be liable under federal, state, or local law.

      When determining if an ostensible non-employer may be a joint employer for the purposes of employment, courts have looked to whether the defendant had immediate or significant control over the plaintiff. *Felder v. United States Tennis Ass'n*, 27 F.4th 834, 844 (2d Cir. 2022); *Brankov v. Hazzard*, 142 A.D.3d 445, 446 (1st 2016) (using the "immediate control" formulation" to

---

[1]    This letter is sent in satisfaction of the Court's order, dated December 2, 2025, granting the Hospital's motion for an extension of time to file pre-motion conference letters. *See* Dkt. No. 39.

The Honorable Ann Donnelly
December 15, 2025
Page 2

determine a joint employer relationship under the NYSHRL and NYCHRL). Such relevant factors include "commonality of hiring, firing, discipline, pay, insurance, records, and supervision." *Cannizzaro v. City of New York*, 82 Misc. 3d 563, 574 (N.Y. Sup. Ct. 2023).

Here, it is clear from the record that it was the Agency, and not the Hospital, who hired Plaintiff. *See* Hospital Rule 56.1 Statement, dated November 14, 2025 ("SBH 56.1 Stmt."), ¶ 18.[2] At the same time, the principal of the Agency, Lorraine Russell, testified that the Hospital did not have the authority to hire or fire the Agency's employees, or otherwise dictate what the Agency did with Plaintiff (or any other employee for that matter) once her placement at the Hospital ended. SBH 56.1 Stmt., ¶¶ 63-64. Additionally, the Hospital did not have the authority to discipline Plaintiff or provide her with performance evaluations. Rather, those two areas were solely within the Agency's control. *See* Declaration of Gennady Kuzin, dated October 28, 2025 ("Kuzin Decl."), ¶ 45.[3] If the Hospital had any kind of issue with Plaintiff, the only recourse it had was to speak directly to Ms. Russell. *Id.*, ¶ 47.

Furthermore, the Hospital did not set Plaintiff's rate or method of pay, nor did it provide her with health insurance or any kind of employment benefits. SBH 56.1 Stmt., ¶¶ 4-8; Kuzin Decl., ¶¶ 45-47. Importantly, it was the Agency that was required to maintain professional liability and workers' compensation insurance for staff it placed at the Hospital. SBH 56.1 Stmt., ¶¶ 11-12. Finally, the Agency was required to create and maintain a profile of all its temporary staff placed at the Hospital, containing various HR and clinical related documentation. *Id.*, ¶¶ 8-9. *See Conde v. Sisley Cosms. USA, Inc.*, at *3 (S.D.N.Y. May 23, 2012) (holding that department store was not plaintiff's joint employer because even though the department store subjected the plaintiff to its dress code and workplace rules, the plaintiff's direct supervisor was an employee of a different company); *see also Duff v. Pristine Servs., Inc*., 2021 WL 663981, at *4 (S.D.N.Y. Feb. 19, 2021).

**Even If The Hospital Was Plaintiff's Joint Employer,
It Did Not Make The Decision To Terminate Her Employment**

Even if the Court were to determine that the Hospital was Plaintiff's joint employer, it nevertheless is entitled to summary judgment with respect to Plaintiff's discrimination claims. That is because a joint employer is not liable for the discriminatory acts of another joint employer merely because it is a joint employer. *Goodman v. Port Auth. of New York & New Jersey*, 850 F. Supp. 2d 363, 388 (S.D.N.Y. 2012). Indeed, district courts within the Second Circuit have consistently held that a co-employer in a joint employment relationship who did not participate in the discrimination is liable only "if it knew or should have known of the discriminatory conduct and failed to take corrective measures within its control." *Lima v. Addeco*, 634 F. Supp. 2d 394,

---

[2]   Pursuant to the Court's individual rules of Practice, the Hospital's Local Rule 56.1 Statement, and Plaintiff's counterstatement, are attached here as a single exhibit ("Exhibit A").

[3]   The Kuzin Decl. is attached here as Exhibit B.

The Honorable Ann Donnelly
December 15, 2025
Page 3

400 (S.D.N.Y. 2009), *aff'd sub nom. Lima v. Adecco &/or Platform Learning, Inc.*, 375 F. App'x 54 (2d Cir. 2010).

There is literally no record evidence that the Hospital participated in, requested, or even encouraged the termination of Plaintiff's employment from the Agency. Rather, the Hospital simply asked the Agency to find a new surgical technologist to cover Plaintiff's assigned shift due to her inability to fulfil her weekly hours. SBH 56.1 Stmt, ¶ 58; 60. No one from the Hospital told Ms. Russell not to find Plaintiff a subsequent placement at another facility. *Id*., ¶ 62. Since the Hospital did not play a role in the termination of Plaintiff's employment, the Hospital cannot be held liable as a joint employer for the purposes of Plaintiff's discrimination claim.

**The Hospital's Request For A New Surgical Technologist**
**Was Based On Her Inability to Fulfil Her Weekly Hours' Requirement**

It is clear from the record that the Hospital sought a new surgical technologist solely as a result of Plaintiff's inability to fulfil her weekly hours' requirement, an indisputable fact which Plaintiff herself does not dispute. SBH 56.1 Stmt, ¶ 55; 60. As such, this non-discriminatory reason justifies the Hospital's entitlement to summary judgment dismissal of Plaintiff's claims.[4] *Tieu v. New York City Econ. Dev. Corp.*, 717 F. Supp. 3d 305, 323 (S.D.N.Y. 2024), *appeal withdrawn*, No. 24-519, 2025 WL 830748 (2d Cir. Feb. 10, 2025); *Nix v. WLCY Radio/Rahall Commc'ns*, 738 F.2d 1181, 1187 (11th Cir.1984) (an "employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason"). In a similar vein, it "is not [even] a court's role to second-guess an employer's personnel decisions, even if foolish, so long as they are non-discriminatory." *Greene v. Brentwood Union Free Sch. Dist.*, 966 F. Supp. 2d 131, 156 (E.D.N.Y. 2013). Thus, the Hospital submits that Plaintiff's pregnancy discrimination claims are based only upon her subjective beliefs, which courts have routinely and resoundingly rejected. *See Sosa v. New York City Dep't of Educ.*, 3d 489, 498 (E.D.N.Y. 2019).

**Plaintiff's FMLA Retaliation And Interference**
**Claims Must Be Dismissed As A Matter Of Law**

Finally, the Hospital submits that it should be entitled to pursue the dismissal of Plaintiff's FMLA retaliation and interference claims. As made clear by Plaintiff in her deposition, she never applied for FMLA leave through the Hospital or even told anyone at the Hospital that she was taking such leave. SBH 56.1 Stmt, ¶ 50. The absence of any such request in the record justifies the dismissal of Plaintiff's claims against the Hospital as a matter of law. *Graziadio v. Culinary Inst. of Am.*, 817 F. 3d 415, 424 (2 Cir. 2016).

---

[4] Further undermining Plaintiff's claim that the Hospital discriminated against her on the basis of her pregnancy is the fact that the Hospital granted her request not to be assigned to surgeries that required an x-ray. SBH 56.1 Stmt, ¶¶ 51-52.

The Honorable Ann Donnelly
December 15, 2025
Page 4

  Based on the aforementioned reasons, we respectfully request that the Court schedule a pre-motion conference.

  We sincerely thank the Court for its time and attention to this matter.

                Respectfully submitted,

                */s/ Nicholas M. Summo*

                Nicholas M. Summo


cc: All counsel record (*by PACER*).

**GARFUNKEL WILD, P.C.**

4915-9441-6514v.2