JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

| | |
|---|---|
| Charles Joseph | 45 Broadway, Suite 320 |
| D. Maimon Kirschenbaum | New York, NY 10006 |
| Denise Schulman | Phone (212) 688-5640 |
| Josef Nussbaum | Fax (212) 688-2548 |
| Lucas C. Buzzard | www.jk-llp.com |
| Mike DiGiulio | |
| Leah Seliger | |

December 23, 2025

**VIA ECF**
Hon. Ann Donnelly
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    *Nazaire v. St. Barnabas Hospital., et al.* – No: 24-cv-5022

Dear Judge Donnelly,

We represent Plaintiff Kiara Nazaire in the above-referenced matter. We write in response to the premotion letters filed by Defendants Jersey Shore Nursing Agency ("JSNA") and St. Barnabas Hospital ("SBH") regarding their anticipated motions for summary judgment. *See* Dkt Nos. 41 (JSNA Letter), 42 (SBH Letter). For all the reasons set forth below, Defendants' motions will be futile.

**A.  SBH is Plaintiff's Joint Employer**

SBH mistakenly argues in its letter that summary judgment should be entered in its favor because it is not Plaintiff's employer. *See* SBH Letter at 1-2. For all the reasons set forth in Plaintiff's letter, however, SBH is Plaintiff's joint employer because it indisputably controlled the manner and means by which Plaintiff performed her nursing duties. *See* Dkt. No. 40 at 2. Indeed, there is overwhelming authority supporting the conclusion that in temporary staffing situations such as this, both the staffing agency and the client entity are joint employers. *See, e.g.*, *Giliani v. Hewlett-Packard Co.*, No. 15-cv-5609, 2018 U.S. Dist. LEXIS 156300, at *11 (S.D.N.Y. Sept. 12, 2018) ("[T]he joint-employer doctrine is particularly prudent in situations of temporary employment or staffing agencies and their client entities" (quotation marks omitted)); *Haight v. NYU Langone Med. Ctr.*, No. 13-cv-4993, 2014 U.S. Dist. LEXIS 88117, at *29-30 (S.D.N.Y. June 27, 2014) (citing cases); *Lima v. Addeco*, 634 F. Supp. 2d 394, 400 (S.D.N.Y. 2009) (citing cases and explaining that the "joint employer doctrine has been applied to temporary employment or staffing agencies and their client entities"). SBH will not prevail on this issue; to the contrary, the undisputed facts demonstrate that summary judgment will be entered in Plaintiff's favor.

**B.  SBH Terminated Plaintiff**

SBH next argues, seemingly with a straight face, that there is "literally no record evidence" that it "participated in, requested, or even encouraged the termination of Plaintiff's employment." SBH Letter at 2. Nothing could be further from the truth. Lorraine Russell, JSNA's owner, explicitly testified that it was SBH's Director of Perioperative Services, Henry Kuzin, who informed her that Plaintiff was pregnant on March 21. *See* Plaintiff's Statement of Material Facts

("SMF") ¶ 60. In the days that followed this conversation, Russell repeatedly wrote to her attorney that Kuzin: (1) was "willing to sent [Plaintiff] home and make sure she is safe" but "d[id] think they can not support her employment if she is not able to perform at 100%"; and (2) did not think she could "work effectively until May when her contract is up."[1] SMF ¶¶ 61-67. In addition, Kuzin himself explicitly confirmed "the termination of Ms. Nazaire," SMF ¶ 68, JSNA's lawyer informed Russell that she should terminate Plaintiff "because the contract with her has been terminated by the hospital," *id.* ¶ 71, and Russell's termination email to Plaintiff informed her that "need[ed] to terminate [Plaintiff] because your contract has been terminated by [SBH]," *id.* ¶ 73. Even JSNA asserts that it was "contractually obligated to terminate Plaintiff's employment" because SBH requested it. JSNA Letter at 3. Thus, there is ample evidence from which a reasonable juror could conclude not only that SBH "participated" in Plaintiff's termination but, in fact, was the driving force behind it.

## C.    Neither Defendant Is Entitled to Summary Judgment on the Merits

Finally, both Defendants contend they were justified in terminating Plaintiff's employment because she did not meet her contractual hours in the weeks leading up to her termination. *See* JSNA Letter at 3; SBH Letter at 3. But there is substantial evidence that neither SBH nor JSNA had any issue with Plaintiff's absences from SBH (all of which were taken only after Plaintiff followed SBH's approved procedures) until they learned Plaintiff was pregnant. As set forth in Plaintiff's statement of facts, there were at least 12 weeks during the first eight months of her employment when she did not work 33 hours per week. *See* SMF ¶¶ 47-48. During this time, Plaintiff's contract was extended twice with the blessing of both JSNA and SBH. *Id.* ¶¶ 25-26, 48. Not only that, but on February 20, 2024, before SBH and JSNA learned of Plaintiff's pregnancy, she was given a glowing performance evaluation which stated that she met standards in all respects, including "Attendance & Punctuality," that her "time at SBH has been without issue," and that there was "no negative feedback, only positive." *Id.* ¶¶ 51-52, 54, 56.

There were five weeks between this February 20, 2024 performance evaluation and Kuzin's March 21, 2024 conversation with Russell in which he demanded Plaintiff's termination. Plaintiff worked her full 33 weekly hours during three of those weeks and then had to take time off because of sickness related to her pregnancy during only the last two weeks. *See* Buzzard Decl., Ex. 14. As set forth above, when Kuzin learned that Plaintiff's excused absences were due to her pregnancy, he spoke with Russell, told her of Plaintiff's pregnancy, and expressed concern that she would be unable to continue "work[ing] effectively." SMF ¶¶ 61-67. Thus, Defendants' decision to terminate Plaintiff's employment is inextricably linked to the very fact that Plaintiff was pregnant. Moreover, any assertion that Plaintiff's termination was justified by her inability to complete her contractual hours is demonstrably pretextual because there was another, non-pregnant JSNA OR Tech, Bindu Massaquoi, who did not complete her contractual weekly hours on more occasions than Plaintiff during the same period of time and was not terminated. SMF ¶¶ 74-78.

In sum, there is undisputed evidence from which a reasonable juror could conclude both that: (1) Plaintiff's pregnancy was a motivating factor in her termination; and (2) Defendants'

---

[1] These statements by Kuzin that Russell relayed are non-hearsay statements of a party-opponent that are independently admissible against SBH because Kuzin is its employee and the statements were made within the scope of his employment. *See* Fed. R. Evid. 802(d)(2)(D).

justification for terminating her employment – her inability to meet her contractual weekly hours – is pretextual. Accordingly, neither Defendant is entitled to summary judgment.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

_/s/Lucas C. Buzzard_____
Lucas C. Buzzard