# MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C.

www.moodklaw.com

WESTCHESTER COUNTY OFFICE
*580 White Plains Road*
*Suite 620*
*Tarrytown, NY 10591*
*(914) 345-3701 Fax: (914) 345-3743*

*Belinda R. Boone*
Member NY Bar
(914) 593-7307
BBoone@moodklaw.com

December 24, 2025

**By ECF**

The Honorable Ann Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *Nazaire v. JSNA, Inc. et al*
     Docket No. 1:24-CV-5022

Dear Judge Donnelly:

We are counsel to defendant Jersey Shore Nursing Agency, Inc. ("JSNA") in the above referenced action. We write in response to the Court's order, dated December 16, 2025, directing the parties to file responses to the pre-motion conference letters filed on December 16, 2025

First: We concur with the plaintiff in stating that St. Barnabas Hospital ("SBH") was a joint employer of the plaintiff under the statutory and case law definition and interpretations. SBH was unequivocally in control of when and where the plaintiff was assigned to work in the hospital. The plaintiff worked the shifts which were designated by SBH staff, and performed her duties during the surgeries determined by the Hospital. Lorraine Russell had no authority to make any of the above decisions pertaining to the plaintiff. (Depositions of both Mr. Kuzin and Ms. Russell).

Second: JSNA also was not the initiator or catalyst in the steps that lead to the plaintiff's contract not being renewed. Testimony by both Henry Kuzin and Lorraine Russell set forth the timeline in which Ms. Russell first became aware of the deficiencies in the plaintiff's work hours, as well as the fact that the plaintiff was pregnant. Prior to being informed of the pregnancy by SBH, Ms. Russell had no idea Ms. Nazaire was pregnant. Ms. Nazaire chose not to inform Ms. Russell of her pregnancy until after she had informed the Hospital. JSNA was contractually obligated to terminate Plaintiff's employment, because SBH requested it. (Deposition of Ms. Russell).

MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C.
December 24, 2025
Page 2

      Without communication with JSNA, the plaintiff had confided in a supervisor at the Hospital in February of 2024 that she was pregnant and requested an accommodation that she not be scheduled to work surgical procedures where X-Rays would be taken. The Hospital accommodated her request. Again, the issue was not with her performance when she was working, but with her perpetual absenteeism that started almost immediately after her employment and continued throughout her tenure despite warnings. When the Hospital had enough of the absenteeism, in accordance with its contract with JSNA and JSNA's contract with Plaintiff, she was terminated for failure to fulfill the contractual hours of employment. At no time did the plaintiff request a leave of absence. In fact, JSNA offered to find her an alternative workplace but she refused that offer. that JSNA terminated Plaintiff due to non-discriminatory reasons. JSNA did not terminate Plaintiff's employment due to pregnancy, her sex, or any other discriminatory reason, it was because of failure to fulfill her contractual duties. Plaintiff failed to fulfill her contract as she worked less than thirty-three (33) hours for five (5) out of eight (8) weeks, starting January 30, 2024, until March 26, 2024. (Deposition of Ms. Russell).

In sum, the plaintiff was not terminated due to her pregnancy, but because she failed to meet her contractual obligations. Consequently, plaintiff should not be entitled to summary judgment.

We thank the Court for its time and attention to this matter.

                                      Respectfully submitted,

                                      **MARKS, O'NEILL, O'BRIEN,**
                                      **DOHERTY & KELLY, P.C.**

                                      Belinda R. Boone

4896-4493-5300, v. 1